**Exhibit A**

**BLUMENTHAL, NORDREHAUG & BHOWMIK**
  Norman B. Blumenthal (State Bar #068687)
  Kyle R. Nordrehaug (State Bar #205975)
  Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858) 551-1223
Facsimile: (858) 551-1232
Firmsite: www.bamlawca.com

Attorneys for Plaintiff

F I L E D

MAY 1 0 2016

FRESNO SUPERIOR COURT
By_____
                    DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF FRESNO

AUGUSTUS MONDRIAN, an individual, on behalf of himself, and on behalf of all persons similarly situated,

Plaintiff,

vs.

TRIUS TRUCKING, INC., a California Corporation; and Does 1 through 50, Inclusive,

Defendants.

Case No. 1 6 CE CG 0 1 5 0 1

CLASS ACTION COMPLAINT

1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*;

2. FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1;

3. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;

4. FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203.

DEMAND FOR A JURY TRIAL

1

CLASS ACTION COMPLAINT

Plaintiff Augustus Mondrian ("PLAINTIFF") an individual, on behalf of himself and all other similarly situated current and former employees, alleges upon information and belief, except for his own acts and knowledge which are based on personal knowledge, the following:

## THE PARTIES

1.     PLAINTIFF   worked   for   Defendant   Trius   Trucking,   Inc.   ("TRIUS"   or "DEFENDANT") in California from February of 2016 to April of 2016 as a Truck Driver. As a Truck Driver, PLAINTIFF's work required the performance of manual labor consisting of driving TRIUS's trucks and transporting goods for TRIUS.  In performing these duties, PLAINTIFF did not utilize any independent discretion, judgment, or management decisions with respect to matters of significance. To the contrary, the work of PLAINTIFF as a Truck Driver was to provide on a daily basis the transportation of goods in accordance with the management decisions and business policies established by TRIUS. As a result, PLAINTIFF is entitled to be paid minimum wages, provided accurate wage statements, and provided meal and rest periods as required by California law. PLAINTIFF was paid by piece-rate only while he was employed as a Truck Driver for TRIUS.  Importantly, PLAINTIFF was not provided with minimum wages for all of his non-production work time. PLAINTIFF also did not receive paid rest breaks as required by California law and TRIUS failed to provide PLAINTIFF with the legally required meal periods. TRIUS failed to pay PLAINTIFF the correct amount of compensation because TRIUS established an illegal pay practice of paying PLAINTIFF on a piece rate basis when delivering loads at the locations assigned by TRIUS. TRIUS however failed to pay minimum wages for compensable time worked. To date, TRIUS has not fully paid PLAINTIFF for all his wages still owed to him or any penalty wages owed to him under California Labor Code § 203. The amount in controversy for PLAINTIFF individually does not exceed the sum or value of $75,000.

2.     DEFENDANT   is   a   corporation   that   at   all   relevant   times   mentioned   herein conducted and continues to conduct substantial and regular business throughout the State of

2

1  California. TRIUS is a transportation company that provides dry and temperature controlled

2  hauls and boasts more than one hundred trucks operating in California.

3      3.    Plaintiff Augustus Mondrian brings this class action on behalf of himself and a

4  California class, defined as all individuals who are or previously were employed by Defendant

5  Trius Trucking, Inc. in California as Truck Driver employees (the "CALIFORNIA CLASS")

6  at any time during the period beginning on the date four (4) years before the filing of this

7  Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS

8  PERIOD"). The amount in controversy for the aggregate claim of CALIFORNIA CLASS

9  Members is under five million dollars ($5,000,000.00).

10      4.    The true names and capacities, whether individual, corporate, associate or

11  otherwise of the Defendants sued herein as DOES 1 through 50, inclusive, are presently

12  unknown to PLAINTIFF who therefore sues these Defendants by such fictitious names pursuant

13  to Cal. Civ. Proc. Code § 474. PLAINTIFF is informed and believes, and based thereon, alleges

14  that each of the Defendants designated herein is legally responsible in some manner for the

15  unlawful acts referred to herein. PLAINTIFF will seek leave of Court to amend this Complaint

16  to reflect the true names and capacities of the Defendants when they have been ascertained and

17  become known.

18      5.    The agents, servants and/or employees of the Defendants and each of them acting

19  on behalf of the Defendants acted within the course and scope of his, her or its authority as the

20  agent, servant and/or employee of the Defendants, and personally participated in the conduct

21  alleged herein on behalf of the Defendants with respect to the conduct alleged herein.

22  Consequently, the acts of each Defendant are legally attributable to the other Defendants and

23  all Defendants are jointly and severally liable to PLAINTIFF and the other members of the

24  CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the

25  Defendants' agents, servants and/or employees.

26  ///

27  ///

28

## THE CONDUCT

6.     The work required to be performed by PLAINTIFF and the other CALIFORNIA CLASS Members was manual labor consisting of driving DEFENDANT's trucks and transporting goods in accordance with DEFENDANT's policies and practices.  As a result of this work, PLAINTIFF and the other CALIFORNIA CLASS Members were involved in providing day to day routine transportation of goods as specified by DEFENDANT and this work was executed by the performance of manual labor within a defined skill set.  PLAINTIFF and CALIFORNIA CLASS Members were not compensated through a monthly salary. PLAINTIFF and the other CALIFORNIA CLASS Members employed by DEFENDANT performed these manual tasks but were not paid the minimum wages to which they were entitled because of DEFENDANT's systematic policies and practices of failing to correctly record all time worked, including, but not limited to, time spent during pre and post trip inspections of DEFENDANT's trucks and time spent waiting for DEFENDANT's loads to be ready for transport. DEFENDANT failed to correctly pay minimum wages to PLAINTIFF and the other CALIFORNIA CLASS Members in accordance with California law, and thereby systematically underpaid minimum compensation to PLAINTIFF and the other CALIFORNIA CLASS Members for their documented time worked.

7.     Individuals in these Truck Driver positions are and were employees who are entitled to minimum wage compensation and prompt payment of amounts that the employer owes an employee when the employee quits or is terminated, and other compensation and working conditions that are prescribed by law.

8.     Industrial Welfare Commission Wage Order 4-2001 provides: "Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission, or otherwise." "Hours worked" is defined in the Wage Order as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to

---

4

do so." Here, PLAINTIFF and CALIFORNIA CLASS Members are entitled to separate hourly compensation for time spent performing other non-driving tasks directed by DEFENDANT during their work shifts.

9.     In addition, DEFENDANT failed to provide all the legally required unpaid, off-duty meal periods and all the legally required paid, off-duty rest periods to PLAINTIFF and the other CALIFORNIA CLASS Members as required by the applicable Wage Order and Labor Code. DEFENDANT did not have a policy or practice which provided or recorded all the legally required unpaid, off-duty meal periods and all the legally required paid, off-duty rest periods to PLAINTIFF and the other CALIFORNIA CLASS Members.  As a result, DEFENDANT's failure to provide PLAINTIFF and the CALIFORNIA CLASS Members with all the legally required off-duty, unpaid meal periods and all the legally required off-duty, paid rest periods is evidenced by DEFENDANT's business records.

10.     From time to time, DEFENDANT also failed to provide PLAINTIFF and the other members of the CALIFORNIA CLASS with complete and accurate wage statements which failed to show, among other things, the correct minimum wages for time worked, and allocation of lawfully required, paid, and off-duty rest periods. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate. As a result, DEFENDANT provided PLAINTIFF and the other members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

11.     In this action, PLAINTIFF, on behalf of himself and the CALIFORNIA CLASS, seeks to recover all the compensation that DEFENDANT is required by law to provide, but failed to provide, to PLAINTIFF and all other CALIFORNIA CLASS Members. PLAINTIFF also seeks penalties and all other relief available to him and other CALIFORNIA CLASS Members under California law.  Finally, PLAINTIFF seeks declaratory relief finding that the employment practices and policies of the DEFENDANT violated California law and injunctive

1   relief to enjoin the DEFENDANT from continuing to engage in such employment practices.

2       12.     In performing the conduct herein alleged, the DEFENDANT's wrongful conduct
3   and violations of law as herein alleged demeaned and wrongfully deprived PLAINTIFF and the
4   other members of the CALIFORNIA CLASS of money and career opportunities to which they
5   were lawfully entitled. DEFENDANT engaged in such wrongful conduct by failing to have
6   adequate employment policies and maintaining adequate employment practices consistent with
7   such policies and the applicable law. DEFENDANT's wrongful conduct as herein alleged
8   caused the money belonging to PLAINTIFF and the other members of the CALIFORNIA
9   CLASS to be kept by DEFENDANT and thereby converted by DEFENDANT for
10  DEFENDANT's own use.

11      13.     DEFENDANT's practices violated and continue to violate the law, regardless of
12  whether the employees' work is paid by commission, by salary, by piece rate, or by part
13  commission, part piece rate, and/or part salary. As a result of this policy and practice,
14  DEFENDANT failed to pay minimum in accordance with applicable law.

15      14.     Accordingly, DEFENDANT committed acts of unfair competition in violation
16  of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* by
17  engaging in company-wide policies that violated the California Labor Code and regulations
18  promulgated thereunder as herein alleged.

19                              **THE CALIFORNIA CLASS**

20      15.     PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive
21  Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL") as a Class
22  Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of himself and a California class,
23  defined as all individuals who are or previously were employed by Defendant Trius Trucking,
24  Inc. in California as Truck Driver employees (the "CALIFORNIA CLASS") at any time during
25  the period beginning on the date four (4) years before the filing of this Complaint and ending
26  on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount
27  in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million
28

1  dollars ($5,000,000.00).

2      16.    DEFENDANT, as a matter of corporate policy, practice and procedure, and in
3  violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order
4  Requirements, and the applicable provisions of California law, intentionally, knowingly, and
5  wilfully, engaged in a practice whereby DEFENDANT used an unlawful, unfair and deceptive
6  method to calculate minimum and payment for missed meal periods and off-duty rest breaks
7  owed to PLAINTIFF and the other members of the CALIFORNIA CLASS.

8      17.    All CALIFORNIA CLASS Members, including PLAINTIFF, performed the same
9  manual labor and were paid by DEFENDANT according to uniform and systematic company
10  procedures, which, as alleged herein above, failed to correctly pay minimum wages. This
11  business practice is uniformly applied to each and every member of the CALIFORNIA CLASS,
12  and therefore, the propriety of these business practices can be adjudicated on a class-wide basis.

13      18.    DEFENDANT uniformly violated the rights of the CALIFORNIA CLASS under
14  California law by:

15          (a)    Committing an act of unfair competition in violation of the California
16              Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by
17              unlawfully, unfairly and deceptively having in place company policies,
18              practices and procedures that uniformly denied PLAINTIFF and the
19              members of the CALIFORNIA CLASS the correct minimum wages and
20              otherwise violated applicable law; and,

21          (b)    Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code
22              §§ 17200, *et seq.* (the "UCL"), by unlawfully, unfairly and/or deceptively
23              having in place company policies, practices and procedures that uniformly
24              and systematically fail to provide and record all the legally required
25              unpaid, off-duty meal periods and all the legally required paid, off-duty
26              rest periods to PLAINTIFF and the CALIFORNIA CLASS members.

27      19.    This Class Action meets the statutory prerequisites for the maintenance of a Class

28

1   Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

2         (a)   The persons who comprise the CALIFORNIA CLASS are so numerous

3              that the joinder of all CALIFORNIA CLASS Members is impracticable

4              and the disposition of their claims as a class will benefit the parties and

5              the Court;

6         (b)   Nearly all factual, legal, statutory, declaratory and injunctive relief issues

7              that are raised in this Complaint are common to the CALIFORNIA

8              CLASS and will apply uniformly to every member of the CALIFORNIA

9              CLASS;

10        (c)   The claims of the representative PLAINTIFF are typical of the claims of

11             each member of the CALIFORNIA CLASS.  PLAINTIFF, like all other

12             members of the CALIFORNIA CLASS, was subjected to

13             DEFENDANT's illegal practice of failing to pay minimum wages for all

14             time worked by PLAINTIFF and other members of the CALIFORNIA

15             CLASS.  PLAINTIFF sustained economic injury as a result of

16             DEFENDANT's employment practices. PLAINTIFF and the members of

17             the CALIFORNIA CLASS were and are similarly or identically harmed

18             by the same unlawful, deceptive, unfair and pervasive pattern of

19             misconduct engaged in by the DEFENDANT; and,

20        (d)   The representative PLAINTIFF will fairly and adequately represent and

21             protect the interest of the CALIFORNIA CLASS, and has retained

22             counsel who are competent and experienced in Class Action litigation.

23             There are no material conflicts between the claims of the representative

24             PLAINTIFF and the members of the CALIFORNIA CLASS that would

25             make class certification inappropriate.  Counsel for the CALIFORNIA

26             CLASS will vigorously assert the claims of all CALIFORNIA CLASS

27             Members.

28

20.     In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)     Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

1)     Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

2)     Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)     The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that the DEFENDANT subjects these employees to DEFENDANT's systematic practices with respect to non-payment of wages for all time worked;

1)     With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim Plaintiff seeks declaratory relief holding that the DEFENDANT's policies and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be

1  necessary to prevent and remedy the conduct declared to constitute
2  unfair competition;

3  (c)  Common questions of law and fact exist as to the members of the
4  CALIFORNIA CLASS, with respect to the practices and violations of
5  California Law as listed above, and predominate over any question
6  affecting only individual CALIFORNIA CLASS Members, and a Class
7  Action is superior to other available methods for the fair and efficient
8  adjudication of the controversy, including consideration of:

9  1)  The interests of the members of the CALIFORNIA CLASS in
10  individually controlling the prosecution or defense of separate
11  actions;

12  2)  The extent and nature of any litigation concerning the controversy
13  already commenced by or against members of the CALIFORNIA
14  CLASS;

15  3)  The desirability or undesirability of concentrating the litigation of
16  the claims in the particular forum;

17  4)  The difficulties likely to be encountered in the management of a
18  Class Action; and,

19  5)  The basis of DEFENDANT's conduct towards PLAINTIFF and
20  the CALIFORNIA CLASS.

21  21.  This Court should permit this action to be maintained as a Class Action pursuant
22  to Cal. Code of Civ. Proc. § 382 because:

23  (a)  The questions of law and fact common to the CALIFORNIA CLASS
24  predominate over any question affecting only individual CALIFORNIA
25  CLASS Members because the DEFENDANT's employment practices are
26  uniform and systematically applied with respect to the CALIFORNIA
27  CLASS;

28

(b) A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c) The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d) PLAINTIFF, and the other CALIFORNIA CLASS members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e) There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f) There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g) DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

(h) The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT. The CALIFORNIA CLASS consists of all DEFENDANT's current and former Truck Driver employees employed in California during the CALIFORNIA CLASS

11

PERIOD; and,

(i) Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

22. DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been systematically, intentionally and uniformly subjected to DEFENDANT's corporate policy, practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

## THE CALIFORNIA LABOR SUBCLASS

23. PLAINTIFF further brings the Second, Third, and Fourth Causes of Action on behalf of the a California subclass, defined as all members of the CALIFORNIA CLASS who are or previously were employed by DEFENDANT in California as Truck Driver employees (the "CALIFORNIA LABOR SUBCLASS") at any time during the period three (3) years prior to the filing of the complaint and ending on the date as determined by the Court (the "CALIFORNIA LABOR SUBCLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382. The amount in controversy for the aggregate claim of CALIFORNIA LABOR SUB-CLASS Members is under five million dollars ($5,000,000.00).

24. To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUBCLASS against DEFENDANT, the CALIFORNIA LABOR SUBCLASS PERIOD should be adjusted accordingly.

25. DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to correctly calculate

1  compensation for the time worked by the PLAINTIFF and the other members of the

2  CALIFORNIA LABOR SUB-CLASS, even though DEFENDANT enjoyed the benefit of this

3  work, required employees to perform this work and permitted or suffered to permit this work.

4  DEFENDANT has uniformly denied these CALIFORNIA LABOR SUB-CLASS Members

5  wages to which these employees are entitled in order to unfairly cheat the competition and

6  unlawfully profit. To the extent equitable tolling operates to toll claims by the CALIFORNIA

7  LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS

8  PERIOD should be adjusted accordingly.

9      26.  Common questions of law and fact exist as to members of the CALIFORNIA

10  LABOR SUBCLASS, including, but not limited, to the following:

11      (a)  Whether DEFENDANT unlawfully failed to pay minimum wage

12      compensation to members of the CALIFORNIA LABOR SUBCLASS in

13      violation of the California Labor Code and applicable regulations;

14      (b)  Whether DEFENDANT's policy and practice of failing to pay

15      CALIFORNIA LABOR SUBCLASS Members wages, including

16      minimum wages for all time worked, violates applicable provisions of

17      California law;

18      (c)  Whether DEFENDANT unlawfully failed to correctly calculate and pay

19      compensation due to members of the CALIFORNIA LABOR SUB-

20      CLASS for missed meal and rest breaks in violation of the California

21      Labor Code and California regulations and the applicable California Wage

22      Order;

23      (d)  Whether DEFENDANT unlawfully failed to keep and furnish

24      CALIFORNIA LABOR SUBCLASS Members with accurate records of

25      time worked; and,

26      (e)  Whether DEFENDANT's conduct was willful.

27      27.  DEFENDANT violated the rights of the CALIFORNIA LABOR SUBCLASS

28

under California law by:

    (a)   Violating Cal. Lab. Code §§ 1194 & 1197 by incorrectly recording tall time worked and thereby failing to pay PLAINTIFF and the members of the CALIFORNIA LABOR SUBCLASS the correct minimum wage pay for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1197;

    (b)   Violating Cal. Lab. Code § 226(a) by failing to provide PLAINTIFF and the CALIFORNIA LABOR SUBCLASS Members with an accurate itemized statement in writing showing the gross wages earned, the net wages earned, all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate by the employee; and,

    (c)   Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that when an employee is discharged or quits from employment, the employer must pay the employee all wages due without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner required by California law to the members of the CALIFORNIA LABOR SUB-CLASS who have terminated their employment.

28.    This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

    (a)   The persons who comprise the CALIFORNIA LABOR SUBCLASS are so numerous that the joinder of all CALIFORNIA LABOR SUBCLASS members is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

    (b)   Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA LABOR SUBCLASS and will apply uniformly to every member of the CALIFORNIA LABOR SUBCLASS;

CLASS ACTION COMPLAINT

(c)   The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA LABOR SUBCLASS. PLAINTIFF, like all other members of the CALIFORNIA LABOR SUBCLASS, was denied compensation for all time worked as a result of DEFENDANT's systematic illegal and deceptive pay practices. PLAINTIFF and all other members of the CALIFORNIA LABOR SUBCLASS sustained economic injuries arising from DEFENDANT's violations of the laws of California. PLAINTIFF and the members of the CALIFORNIA LABOR SUBCLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by the DEFENDANT as described above; and,

(d)   The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUBCLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA LABOR SUBCLASS that would make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUBCLASS will vigorously assert the claims of all CALIFORNIA LABOR SUBCLASS Members.

29.   In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)   Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA LABOR SUBCLASS will create the risk of:

1)   Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUBCLASS which would

1    establish incompatible standards of conduct for the parties

2    opposing the CALIFORNIA LABOR SUBCLASS; or,

3    2)    Adjudication with respect to individual members of the

4    CALIFORNIA LABOR SUBCLASS which would as a practical

5    matter be dispositive of interests of the other members not party to

6    the adjudication or substantially impair or impede their ability to

7    protect their interests.

8    (b)   The parties opposing the CALIFORNIA LABOR SUBCLASS have acted

9    or refused to act on grounds generally applicable to the CALIFORNIA

10   LABOR SUBCLASS, making appropriate class-wide relief with respect

11   to the CALIFORNIA LABOR SUBCLASS as a whole in that the

12   DEFENDANT fails to pay these employees minimum wage compensation

13   as a result of DEFENDANT's company wide illegal and deceptive pay

14   practices;

15   (c)   Common questions of law and fact exist as to the members of the

16   CALIFORNIA LABOR SUBCLASS, with respect to the practices and

17   violations of California Law as listed above, and predominate over any

18   question affecting only individual CALIFORNIA LABOR SUBCLASS

19   members, and a Class Action is superior to other available methods for the

20   fair and efficient adjudication of the controversy, including consideration

21   of:

22   1)    The interests of the members of the CALIFORNIA LABOR

23   SUBCLASS in individually controlling the prosecution or defense

24   of separate actions;

25   2)    The extent and nature of any litigation concerning the controversy

26   already commenced by or against members of the CALIFORNIA

27   LABOR SUBCLASS;

28

3)     The desirability or undesirability of concentrating the litigation of the claims in the particular forum;

4)     The difficulties likely to be encountered in the management of a Class Action; and,

5)     The basis of DEFENDANT's conduct towards PLAINTIFF and the CALIFORNIA LABOR SUBCLASS.

30.    This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

(a)    The questions of law and fact common to the CALIFORNIA LABOR SUBCLASS predominate over any question affecting only individual members;

(b)    A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUBCLASS because in the context of employment litigation a substantial number of individual CALIFORNIA LABOR SUBCLASS members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)    The members of the CALIFORNIA LABOR SUBCLASS are so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUBCLASS before the Court;

(d)    PLAINTIFF, and the other CALIFORNIA LABOR SUBCLASS members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)    There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon

17

CLASS ACTION COMPLAINT

1    the CALIFORNIA LABOR SUBCLASS;

2    (f)    There is a community of interest in ensuring that the combined assets of

3        DEFENDANT are sufficient to adequately compensate the members of

4        the CALIFORNIA LABOR SUBCLASS for the injuries sustained;

5    (g)    DEFENDANT has acted or refused to act on grounds generally applicable

6        to the CALIFORNIA LABOR SUBCLASS, thereby making final class-

7        wide relief appropriate with respect to the CALIFORNIA LABOR

8        SUBCLASS as a whole;

9    (h)    The members of the CALIFORNIA LABOR SUBCLASS are readily

10        ascertainable from the business records of DEFENDANT. The

11        CALIFORNIA LABOR SUBCLASS consists of those members of the

12        CALIFORNIA CLASS who were subjected to the DEFENDANT's

13        practices as described above during the CALIFORNIA LABOR

14        SUBCLASS PERIOD; and,

15    (i)    Class treatment provides manageable judicial treatment calculated to bring

16        a efficient and rapid conclusion to all litigation of all wage and hour

17        related claims arising out of the conduct of DEFENDANT as to the

18        members of the CALIFORNIA LABOR SUBCLASS.

19    31.    DEFENDANT maintains records from which the Court can ascertain and identify

20    by name and job title, each of DEFENDANT's employees who have been systematically,

21    intentionally and uniformly subjected to DEFENDANT's corporate policy, practices and

22    procedures as herein alleged. PLAINTIFF will seek leave to amend the complaint to include

23    any additional job titles of similarly situated employees when they have been identified.

24

25                                **JURISDICTION AND VENUE**

26    32.    This Court has jurisdiction over this Action pursuant to California Code of Civil

27    Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This

28

                                            18

Action is brought as a Class Action on behalf of similarly situated employees of DEFENDANT pursuant to California Code of Civil Procedure, Section 382.

33.     Venue is proper in this Court pursuant to California Code of Civil Procedure, Sections 395 and 395.5, because DEFENDANT currently maintains and at all relevant times maintained a place of business in this County and conducts substantial business in this County.

## FIRST CAUSE OF ACTION

### For Unlawful, Unfair and Deceptive Business Practices

### [Cal. Bus. And Prof. Code §§ 17200, *et seq.*]

### (By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)

34.     PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 33 of this Complaint.

35.     DEFENDANT is a "person" as that term is defined under California Business & Professions Code § 17021.

36.     California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.  Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

California Business & Professions Code § 17203.

37.     By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California and Federal law, including but not limited to, the applicable Industrial Wage Order(s), the California Code of Regulations, the California Labor Code including Sections 204, 226.7, 512, 1194, 1197 and 1198, for which this

19

Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

38.    By the conduct alleged herein, DEFENDANT's practices were unlawful and unfair in that these practices violate public policy, were immoral, unethical, oppressive, unscrupulous or substantially injurious to employees, and were without valid justification or utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

39.    By the conduct alleged herein, DEFENDANT's practices were deceptive and fraudulent in that DEFENDANT's policy and practice failed to provide the required amount of compensation for missed meal and rest breaks, and failed to adequately compensate PLAINTIFF and CALIFORNIA CLASS Members for all non-production time, due to a systematic business practice that cannot be justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld. The work schedule for PLAINTIFF and other CALIFORNIA CLASS Members was set by DEFENDANT.

40.    By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the other members of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANT.

41.    By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's policies, practices and procedures failed to provide all legally required meal and rest breaks to PLAINTIFF and the other members of the CALIFORNIA CLASS as required by Cal. Lab. Code §§ 226.7 and 512.

42.    Therefore, PLAINTIFF demands on behalf of himself and on behalf of each CALIFORNIA CLASS Member, one (1) hour of pay for each workday in which an off-duty

20

meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for each workday in which a second off-duty meal period was not timely provided for each ten (10) hours of work.

43. PLAINTIFF further demands on behalf of himself and each member of the CALIFORNIA LABOR SUB-CLASS, one (1) hour of pay for each workday in which a rest period was not timely provided as required by law.

44. By and through the unlawful and unfair business practices described herein, DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the other members of the CALIFORNIA CLASS, including earned minimum wages, and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who comply with the law.

45. All the acts described herein as violations of, among other things, the Industrial Welfare Commission Wage Orders, the California Code of Regulations, and the California Labor Code, were unlawful and in violation of public policy, were immoral, unethical, oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

46. PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which DEFENDANT has acquired, or of which PLAINTIFF and the other members of the CALIFORNIA CLASS have been deprived, by means of the above described unlawful and unfair business practices, including earned but unpaid wages for all time worked.

47. PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled to, and do, seek a declaration that the described business practices are unlawful, unfair and deceptive, and that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful and unfair business practices in the future.

48. PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business practices

21

of DEFENDANT. Further, the practices herein alleged presently continue to occur unabated. As a result of the unlawful and unfair business practices described herein, PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic harm unless DEFENDANT is restrained from continuing to engage in these unlawful and unfair business practices.

## SECOND CAUSE OF ACTION
### For Failure To Pay Minimum Wages
### [Cal. Lab. Code §§ 1194, 1197 and 1197.1]
### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS
### and Against All Defendants)

49.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 48 of this Complaint.

50.     PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to accurately calculate and pay minimum wages to PLAINTIFF and CALIFORNIA CLASS Members.

51.     Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

52.     Cal. Lab. Code § 1197 provides the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed in unlawful.

53.     Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage compensation and interest thereon, together with the costs of suit.

54.     DEFENDANT maintained a uniform wage practice of paying PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct

22

amount of time they worked, including time spent engaging in non-driving related tasks. As set forth herein, DEFENDANT's uniform policy and practice was to unlawfully and intentionally deny timely payment of wages due to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.

55.    DEFENDANT's uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a uniform policy and practice that denied accurate compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS in regards to minimum wage pay.

56.    In committing these violations of the California Labor Code, DEFENDANT inaccurately calculates the correct time worked and consequently underpaid the actual time worked by PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS. DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

57.    As a direct result of DEFENDANT's unlawful wage practices as alleged herein, the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive the correct minimum wage compensation for their time worked for DEFENDANT.

58.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that they were entitled to, constituting a failure to pay all earned wages.

59.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for the true time they worked, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

60.    DEFENDANT knew or should have known that PLAINTIFF and the other

members of the CALIFORNIA LABOR SUB-CLASS were under compensated for their time worked. DEFENDANT systematically elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of uniform company policy, practice and procedure, and DEFENDANT perpetrated this systematic scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wages for their time worked.

61.     In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all time worked and provide them with the requisite compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

62.     PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes.  To the extent minimum wage compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members. DEFENDANT's conduct as alleged herein was willful, intentional and not in good faith.  Further, the PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

///

///

## THIRD CAUSE OF ACTION

### For Failure to Provide Accurate Itemized Statements

### [Cal. Lab. Code § 226]

### (By PLAINTIFF and the CALIFORNIA LABOR SUBCLASS

### and Against All Defendants)

63.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 62 of this Complaint.

64.     Cal. Labor Code § 226(a) provides that an employer must furnish employees with an "accurate itemized statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

65.   From time to time, DEFENDANT violated Labor Code § 226(a), in that DEFENDANT failed to properly and accurately itemize the gross wages earned, the net wages earned, and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate by the employee. DEFENDANT failed to provide PLAINTIFF and the other members of the CALIFORNIA CLASS with complete and accurate wage statements which failed to show, among other things, the correct minimum wages for time worked, and allocation of lawfully required, paid, and off-duty rest periods. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate. As a result, DEFENDANT provided PLAINTIFF and the other members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

66.   DEFENDANT knowingly and intentionally failed to comply with Labor Code § 226(a), causing damages to PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS. These damages include, but are not limited to, costs expended calculating the true time worked and the amount of employment taxes which were not properly paid to state and federal tax authorities. These damages are difficult to estimate. Therefore, PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS may recover liquidated damages of $50.00 for the initial pay period in which the violation occurred, and $100.00 for each violation in subsequent pay period pursuant to Labor Code § 226, in an amount according to proof at the time of trial (but in no event more than $4,000.00 for PLAINTIFF and each respective member of the CALIFORNIA LABOR SUBCLASS herein).

///
///
///
///
///

## FOURTH CAUSE OF ACTION

### For Failure to Pay Wages When Due

### [ Cal. Lab. Code §§ 201, 202, 203]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS

### and Against All Defendants)

67.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 66 of this Complaint.

68.     Cal. Lab. Code § 200 provides, in relevant part, that:

As used in this article:
(a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, Commission basis, or other method of calculation.
(b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

69.     Cal. Lab. Code § 201 provides, in relevant part, "that If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

70.     Cal. Lab. Code § 202 provides, in relevant part, that:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

71.     There was no definite term in PLAINTIFF's or any CALIFORNIA LABOR SUB-CLASS Members' employment contract.

72.     Cal. Lab. Code § 203 provides, in relevant part, that:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall

continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

73.     The employment of PLAINTIFF and many CALIFORNIA LABOR SUB-CLASS Members has terminated and DEFENDANT has not tendered payment of all wages owed as required by law.

74.     Therefore, as provided by Cal Lab. Code § 203, on behalf of himself and the members of the CALIFORNIA LABOR SUB-CLASS whose employment has terminated and who have not been fully paid their wages due to them, PLAINTIFF demands thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CALIFORNIA LABOR SUB-CLASS PERIOD and demands an accounting and payment of all wages due, plus interest and statutory costs as allowed by law.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1.     On behalf of the CALIFORNIA CLASS:

    A)     That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a Class Action pursuant to Cal. Code of Civ. Proc. § 382;

    B)     An order requiring DEFENDANT to correctly calculate and pay all wages and all sums unlawfully withheld from compensation due to PLAINTIFF and the other members of the CALIFORNIA CLASS;

    C)     Disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to PLAINTIFF and to the other members of the CALIFORNIA CLASS according to proof; and,

    D)     An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein.

2.     On behalf of the CALIFORNIA LABOR SUBCLASS:

    A)     That the Court certify the Second, Third and Fourth Causes of Action asserted by

28

the CALIFORNIA LABOR SUBCLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

B)   Compensatory damages, according to proof at trial, including compensatory damages for minimum compensation due PLAINTIFF and the other members of the CALIFORNIA LABOR SUBCLASS, during the applicable CALIFORNIA LABOR SUBCLASS PERIOD plus interest thereon at the statutory rate;

C)   The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA LABOR SUBCLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) for PLAINTIFF and each respective member of the CALIFORNIA LABOR SUBCLASS , and an award of costs for violation of Cal. Lab. Code § 226;

D)   The wages of all terminated employees in the CALIFORNIA LABOR SUB-CLASS as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, in accordance with Cal. Lab. Code § 203.

3.   On all claims:

A)   An award of interest, including prejudgment interest at the legal rate;

B)   Such other and further relief as the Court deems just and equitable; and,

C)   An award of penalties, attorneys' fees and cost of suit, as allowable under the law, including, but not limited to, pursuant to Cal. Labor Code §218.5, and/or §226, §1194.

Dated: May 6, 2016                        BLUMENTHAL, NORDREHAUG & BHOWMIK

By:_____
       Norman B. Blumenthal
       Attorneys for Plaintiff

CLASS ACTION COMPLAINT

## DEMAND FOR JURY TRIAL

PLAINTIFF demands jury trial on issues triable to a jury.

Dated: May 6, 2016

BLUMENTHAL, NORDREHAUG & BHOWMIK

By: _____
Norman B. Blumenthal
Attorneys for Plaintiff

K:\D\Dropbox\Pending Litigation\Trhus Trucking - Mondriuz\p-Complaint-FINAL.wpd

1    MATTHEW E. FARMER, Bar No. 190484
     IRENE V. FITZGERALD, Bar No. 266949
2    LITTLER MENDELSON, P.C.
     5200 North Palm Avenue
3    Suite 302
     Fresno, CA 93704.2225
4    Telephone:    559.244.7500                    E-FILED
     Fax No.:      559.244.7525
5                                                  7/21/2016
     Attorneys for Defendant                       FRESNO COUNTY SUPERIOR COURT
6    TRIUS TRUCKING, INC., a California Corporation   By: I. Herrera, Deputy

7

8                      SUPERIOR COURT OF CALIFORNIA

9                          COUNTY OF FRESNO

10   AUGUSTUS MONDRIAN, an individual,      | Case No.  16CECG01501
     on behalf of himself, and on behalf of all
11   persons similarly situated,             | **ANSWER TO CLASS ACTION
                                             | COMPLAINT**
12              Plaintiff,
                                             | ASSIGNED FOR ALL PURPOSES TO JUDGE
13        v.                                 | KRISTI C. KAPETAN

14   TRIUS TRUCKING, INC., a California
     Corporation; and Does 1 through 50,     | Trial Date:  TBD
15   Inclusive,                              | Complaint Filed:  May 10, 2016

16              Defendant.

17

18

19        Defendant TRIUS TRUCKING, INC., a California Corporation ("Defendant"),

20   hereby answers the Complaint of Plaintiff AUGUSTUS MONDRIAN; individually, and on behalf of

21   other members of the general public similarly situated ("Plaintiff") pursuant to Code of Civil

22   Procedure Section 431.30(b), as follows:

23                          <u>**GENERAL DENIAL**</u>

24        Defendant denies each and every, all and singular, of the allegations contained in the

25   Complaint, conjunctively and disjunctively, and further denies that Plaintiff Augustus Mondrian, or

26   any purported plaintiff class member (collectively "Plaintiff") sustained any damages in the sums

27   alleged, or any other sum, or at all, and further generally and specifically denies that Plaintiff is

28   entitled to any relief whatsoever.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

─────────────────────────────────────────────
                    ANSWER TO CLASS ACTION COMPLAINT

1        Defendant asserts the following affirmative and other defenses, which it designates,

2  collectively, as "Affirmative or Other Defenses."    Defendant's designation of its defenses as

3  "affirmative or other defense" is not intended in any way to alter the burden of proof held by

4  Plaintiff.

5  <u>**AFFIRMATIVE OR OTHER DEFENSES**</u>

6  <u>**FIRST AFFIRMATIVE OR OTHER DEFENSE**</u>

7      1.    Defendant alleges that neither the Complaint nor any cause of action set forth therein

8  state facts sufficient to constitute a cause of action against Defendant upon which relief can be

9  granted.

10  <u>**SECOND AFFIRMATIVE OR OTHER DEFENSE**</u>

11      2.    The Complaint and each cause of action set forth therein are barred by the doctrine of

12  waiver.

13  <u>**THIRD AFFIRMATIVE OR OTHER DEFENSE**</u>

14      3.    The Complaint and each cause of action set forth therein are barred by the doctrine of

15  estoppel.

16  <u>**FOURTH AFFIRMATIVE OR OTHER DEFENSE**</u>

17      4.    The Complaint and each cause of action set forth therein are barred by the doctrine of

18  laches.

19  <u>**FIFTH AFFIRMATIVE OR OTHER DEFENSE**</u>

20      5.    The Complaint and each cause of action set forth therein are barred by the doctrine of

21  consent.

22  <u>**SIXTH AFFIRMATIVE OR OTHER DEFENSE**</u>

23      6.    Defendant alleges that the named Plaintiff lacks standing to assert the claims set forth

24  in the Complaint.

25  <u>**SEVENTH AFFIRMATIVE OR OTHER DEFENSE**</u>

26      7.    Defendant alleges that Plaintiff's Complaint, and each cause of action therein, fails to

27  state a cognizable class under Section 382 of the California Rules of Civil Procedure, Rule 23 of the

28  Federal Rules of Civil Procedure, or any other applicable rule or law regulating the maintenance of

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

1  class actions, in that Plaintiff fails to establish the requisite superiority, numerosity, commonality,

2  typicality of claims and defenses, fails to establish his representative status and/or standing, and

3  because the alleged putative group Plaintiff purports to represent are matters in which individual

4  questions dominate and thus are not appropriate for class treatment.

### EIGHTH AFFIRMATIVE OR OTHER DEFENSE

6      8.     Defendant alleges that the named Plaintiff is not an adequate representative of, and

7  has conflicting interests with, the alleged class and subclasses he seeks to represent.

### NINTH AFFIRMATIVE OR OTHER DEFENSE

9      9.     Defendant alleges that certification of a class or subclasses, and/or prosecution of

10  Plaintiff's claims as a collective action, as applied to the facts and circumstances of this case, would

11  constitute a denial of Defendant's due process rights under the United States and California

12  Constitutions.

### TENTH AFFIRMATIVE OR OTHER DEFENSE

14      10.    Defendant alleges that even assuming Plaintiff, and/or any member of the putative

15  class he purports to represent, were not provided with a proper itemized statement of wages and

16  deductions, which Defendant denies, they are not entitled to recover damages or penalties, because

17  Defendant's alleged failure was a good faith error and not "knowing and intentional".

### ELEVENTH AFFIRMATIVE OR OTHER DEFENSE

19      11.    Defendant alleges that Plaintiff's claim for penalties against Defendant is barred,

20  because there is a *bona fide* good faith dispute as to whether and in what amount any compensation

21  is due to Plaintiff, or any of the putative class.

### TWELFTH AFFIRMATIVE OR OTHER DEFENSE

23      12.    Defendant alleges that the Complaint and each cause of action set forth therein cannot

24  be maintained against Defendant, because the principles of fairness and equity operate to bar the

25  imposition of waiting time penalties under Labor Code section 203.

26  ///

27  ///

28  ///

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

3.

### THIRTEENTH AFFIRMATIVE OR OTHER DEFENSE

13.    Defendant alleges that Business and Professions Code section 17200 *et seq.* is unconstitutionally vague and overbroad, and the manner in which Plaintiff alleges that said statute applies to Defendant's business practices constitutes a violation of Defendant's constitutional right to due process.

### FOURTEENTH AFFIRMATIVE OR OTHER DEFENSE

14.    Defendant alleges that in the event damages, injuries and/or losses were suffered by Plaintiff, or any of the putative class, which Defendant denies, such damages, injuries and/or losses resulted from the negligence of parties, persons and/or entities other than Defendant, and the liability of Defendant, if any, is limited in direct proportion to the percentage of fault actually attributable to Defendant.

### FIFTEENTH AFFIRMATIVE OR OTHER DEFENSE

15.    Defendant alleges that the Complaint and each cause of action set forth therein are barred because Plaintiff failed to timely and completely exhaust the requisite administrative and/or contractual remedies available to him prior to commencing this action.

### SIXTEENTH AFFIRMATIVE OR OTHER DEFENSE

16.    Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained because, without admitting that any violation took place, Defendant alleges that any violation of the California Labor Code and/or of any order of the Industrial Welfare Commission was an act or omission made in good faith, and that Defendant, in any participation in such acts, had reasonable grounds for believing that the act or omission was not a violation of the Labor Code and/or any order of the Industrial Welfare Commission.

### SEVENTEENTH AFFIRMATIVE OR OTHER DEFENSE

17.    Defendant alleges that some or all of the members of the putative class may be bound by valid arbitration agreements containing enforceable class action waivers.

### EIGHTEENTH AFFIRMATIVE OR OTHER DEFENSE

18.    Defendant alleges that Plaintiff has failed to exercise reasonable care to mitigate his damages, if any were suffered.

4.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

## NINETEENTH AFFIRMATIVE OR OTHER DEFENSE

19.     Defendant alleges that each purported cause of action and the penalties sought are barred, in whole or in part, by the applicable statutes of limitation, including but not limited to Labor Code section 203, Code of Civil Procedure sections 337, 338(a), 339, 340(a) and (b), and 343, and/or Business & Professions Code section 17208.

## TWENTIETH AFFIRMATIVE OR OTHER DEFENSE

20.     Defendant alleges that if Plaintiff, or any of the putative class, suffered any damages, which Defendant denies, such damages were proximately or legally caused by the misconduct of Plaintiff, or putative class members, and, accordingly, without admitting that Plaintiff is entitled to any recovery, Defendant alleges that any recovery to which Plaintiff might be entitled must be reduced by reason of this contributory negligence.

## TWENTY FIRST AFFIRMATIVE OR OTHER DEFENSE

21.     Defendant alleges that if Plaintiff suffered any damages that were proximately or legally caused by the actions of Defendant's employees, which Defendant denies, such actions were committed outside the course and scope of such employees' employment and were not authorized, adopted or ratified by Defendant and/or Defendant did not know of nor should it have known of such conduct.

## TWENTY SECOND AFFIRMATIVE OR OTHER DEFENSE

22.     Defendant alleges that Plaintiff's claims are barred by his own breach of the duties owed to Defendant under California Labor Code sections 2854-2859.

## TWENTY THIRD AFFIRMATIVE OR OTHER DEFENSE

23.     Defendant alleges that Plaintiff's claims are barred by the doctrine of accord and satisfaction.

## TWENTY FOURTH AFFIRMATIVE OR OTHER DEFENSE

24.     Defendant alleges that Plaintiff or any putative class member waived their meal period for any day in which their total work period was no more than six hours and, to the extent that the total work period was between ten and twelve hours, they waived their second meal period and did not waive their first meal period.

5.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704-2225
559.244.7500

### TWENTY FIFTH AFFIRMATIVE OR OTHER DEFENSE

25.   Defendant alleges that Plaintiff's claims are barred by the doctrine of avoidable consequences, because Defendant took reasonable steps to fully comply with the law, but Plaintiff, and the members of putative class he purports to represent, unreasonably failed to follow Defendant's policies and practices and failed to use the preventative and corrective opportunities provided to them by Defendant.

### TWENTY SIXTH AFFIRMATIVE OR OTHER DEFENSE

26.   Defendant alleges that Plaintiff personally suffered no cognizable injury under California's Unfair Competition Law and therefore lacks standing to pursue a representative action.

### TWENTY SEVENTH AFFIRMATIVE OR OTHER DEFENSE

27.   Defendant alleges that Plaintiff fail to properly state a claim for prejudgment interest, as the damages claimed are not sufficiently certain to support an award of prejudgment interest.

### TWENTY EIGHTH AFFIRMATIVE OR OTHER DEFENSE

28.   Defendant alleges that any recovery to which Plaintiff and/or members of the putative class might otherwise be entitled must be offset by any benefits and/or other monies that Plaintiff and/or members of the putative class have received or will receive, whether through employment, contract, disability insurance, unemployment insurance, workers' compensation or otherwise.

### TWENTY NINTH AFFIRMATIVE OR OTHER DEFENSE

29.   Defendant alleges that if Plaintiff or any putative class member "worked" hours for which compensation was not paid, Defendant had no knowledge nor reason to know of such "work" and such "work" was undertaken without the consent or permission of Defendant.

### THIRTIETH AFFIRMATIVE OR OTHER DEFENSE

30.   Defendant alleges that the time Plaintiff, and every member of the putative class he purports to represent, spent on preliminary or postliminary activities, work time, overtime, standby or an interruption during a meal or rest period for which compensation was otherwise due but was not paid, which Defendant denies, was *de minimis* such that no compensation is owed.

///

///

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

ANSWER TO CLASS ACTION COMPLAINT

## THIRTY FIRST AFFIRMATIVE OR OTHER DEFENSE

31.   Defendant alleges that Plaintiff and the proposed class members' state law claims are preempted by application of exclusive Federal law and related remedies including but not limited to those of the Fair Labor Standards Act and the laws and regulations related to the Department of Transportation.

## THIRTY SECOND AFFIRMATIVE OR OTHER DEFENSE

32.   Defendant alleges that, assuming Plaintiff or members of the proposed class are entitled to any recovery, Defendant is entitled to a credit or set off.

## THIRTY THIRD AFFIRMATIVE OR OTHER DEFENSE

33.   Defendant alleges that the time Plaintiff and the putative class members spend performing any task for the Plaintiff and putative class members' own convenience is not compensable because the time spent was for the Plaintiff and putative class members' own convenience.

## THIRTY FOURTH AFFIRMATIVE OR OTHER DEFENSE

34.   Defendant alleges that it does not presently know all of the facts respecting the conduct of Plaintiff sufficient to allow it to state all affirmative defenses at this time.  Defendant is informed and believes, however, that further investigation and discovery will reveal that it may have additional affirmative defenses available of which they are not fully aware at the present time. Defendant reserves the right to amend this Answer to assert said additional affirmative defenses should it later discover facts demonstrating the existence and applicability of same.

## THIRTY FIFTH AFFIRMATIVE OR OTHER DEFENSE

35.   Defendant alleges that Plaintiff and/or putative class members may be exempt from overtime.

## THIRTY SIXTH AFFIRMATIVE OR OTHER DEFENSE

36.   Some or all of the damages and/or penalties sought by Plaintiff and/or the putative class are not recoverable based upon compliance with the safe harbor provision of Labor Code section 226.2.

///

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

ANSWER TO CLASS ACTION COMPLAINT

## THIRTY SEVENTH AFFIRMATIVE OR OTHER DEFENSE

37.   Any failure to accurately determine the total amount of Plaintiff and/or putative class members' compensable time was a good faith error.

WHEREFORE, Defendant prays as follows:

1.   That Plaintiff and/or the putative class take nothing by this action;

2.   That judgment be entered in the Defendant's favor;

3.   That Defendant recovers its attorney's fees and costs of suit in accordance with Labor Code section 218.5; and

4.   That the Court grant such other and further relief as it deems appropriate.

Dated: July 21, 2016

MATTHEW P. FARMER
IRENE V. FITZGERALD
LITTLER MENDELSON, P.C.
Attorneys for Defendant
TRIUS TRUCKING, INC., A CALIFORNIA
CORPORATION

Firmwide:140967175.1 089740.1001

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704-2225
559.244.7500

8.

## PROOF OF SERVICE

     I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 5200 North Palm Avenue, Suite 302, Fresno, California 93704.2225. On July 21, 2016, I served the within document(s):

### ANSWER TO CLASS ACTION COMPLAINT

☒    **By United States mail.**  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses below and *(specify one):*

    ☐  deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    ☒  placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

     I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at: **Fresno, California.**

Norman B. Blumenthal, Esq.     Telephone: (858) 551-1223
BLUMENTHAL, NORDREHAUG &    Facsimile: (858) 551-1232
BHOWMIK
2255 Calle Clara
La Jolla, CA 92037

     I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service.  Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on July 21, 2016, at Fresno, California.

Camile Manning

Firmwide:141407493.1 999999.6070