1  **BLUMENTHAL NORDREHAUG  BHOWMIK**
   **DE BLOUW LLP**
2    Norman B. Blumenthal (State Bar #068687)
     Kyle R. Nordrehaug (State Bar #205975)
3    Aparajit Bhowmik (State Bar #248066)
     Piya Mukherjee (State Bar #274217)
4  2255 Calle Clara
   La Jolla, CA 92037
5  Telephone: (858)551-1223
   Facsimile: (858) 551-1232
6  Website: www.bamlawca.com

7  Attorneys for Plaintiff

8

9

10                **UNITED STATES DISTRICT COURT**

11                **EASTERN DISTRICT OF CALIFORNIA**

12

13

14  AUGUSTUS MONDRIAN, and              **CASE No. 1:19-cv-00884-DAD-SKO**
    RHONDA JONES, individuals, on
15  behalf of themselves, and on behalf of
    all persons similarly situated,       **CORRECTED NOTICE OF FILING**
16                                        **OF FIRST AMENDED JOINT**
                                          **STIPULATION**
17             Plaintiff,                 **OF CLASS ACTION SETTLEMENT**
                                          **AND RELEASE OF CLAIMS**
18  vs.

19  TRIUS TRUCKING, INC., a California
    Corporation; and Does 1 through 50,   District Judge: Hon. Dale A. Drozd
20  Inclusive,
                                          Robert E. Coyle U.S. Courthouse,
21             Defendants.                Courtroom 5, 7th floor

22

23

24

25

26

27

28

**TO THE COURT:**

In accordance with the Court's Order dated June 17, 2022 [Doc. No. 28], Plaintiffs hereby files the First Amended Joint Stipulation of Class Action Settlement and Release of Claims ("Stipulation" or "Settlement"), which has been executed by both Plaintiffs Mondrian and Jones and Defendant Trius Trucking, Inc. and is attached hereto as Exhibit #1.

Plaintiff Mondrian apologizes for the day delay on his signature. Plaintiff Mondrian has been incapacitated with a physical injury and therefore did not see the communications from his counsel until today, June 23, 2022, at which time he immediately responded and executed the revised Settlement.

Respectfully submitted,


Dated: June 23, 2022                BLUMENTHAL NORDREHAUG BHOWMIK
                                    DE BLOUW

                                    By:      _/s/ Kyle Nordrehaug_
                                          Norman B. Blumenthal
                                          Kyle R. Nordrehaug
                                          Attorneys for Plaintiffs

1

## <u>CERTIFICATE OF SERVICE [F.R.C.P. §5]</u>

2        I am a citizen of the United States and a resident of the State of California.  I

3   am employed in the County of San Diego, State of California.  I am over the age of

4   18 and not a party to the within action.  My business address is 2255 Calle Clara, La

5   Jolla, California 92037. On June 23, 2022, I served the document(s) described as

6   below in the manner set forth below:

7        **(1)    CORRECTED NOTICE OF FILING OF FIRST AMENDED
               JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND
8               RELEASE OF CLAIMS**

9    **XX**_(BY ELECTRONIC SERVICE): I caused the listed documents to be
10   electronically filed through the CM/ECF system at the United States District Court
     for the Eastern District of California which generates a Notice of Electronic Filing to
11   all parties and constitutes service of the electronically filed documents on all parties
     for purposes of the Federal Rules of Civil Procedure.

12
      **XX**__(ONLINE TO THE LWDA): I caused the above-described document to be
13   delivered to the Labor Workforce Development Agency via online process at the
     PAGA Filing website in accordance with the procedure imposed by the LWDA.
14
      **XX**_(Federal): I declare that I am employed in the office of a member of the bar of
15   this Court at whose direction the service was made, and that the foregoing is true and
     correct under penalty of perjury.
16
          I declare under penalty of perjury under the laws of the State of California that
17
     the foregoing is true and correct.  Executed on June 23, 2022 at San Diego,
18
     California.
19

20
                                    _____*/s/ Kyle Nordrehaug*_____
21                                         Kyle Nordrehaug

22

23

24

25

26

27

28

**<u>EXHIBIT #1</u>**

1  Norman B. Blumenthal (State Bar No. 68687)
   Kyle R. Nordrehaug (State Bar No. 205975)
2  Aparajit Bhowmik (State Bar No. 248066)
   **BLUMENTHAL, NORDREHAUG & BHOWMIK LLP**
3  2255 Calle Clara
   La Jolla, California 92037
4  Telephone: 858-551-1223
   Facsimile: 858-551-1232
5

6  Attorneys for Plaintiffs and the Class

7  MATTHEW E. FARMER, Bar No. 190484
   IRENE V. FITZGERALD, Bar No. 266949
8  LITTLER MENDELSON, P.C.
   5200 North Palm Avenue, Suite 302
9  Fresno, CA 93704.2225
   Telephone:    559.244.7500
10 Fax No.:      559.244.7525

11 Attorneys for Defendant
   Trius Trucking, Inc., a California Corporation
12

13                 **UNITED STATES DISTRICT COURT**

14               **EASTERN DISTRICT OF CALIFORNIA**

15

16 AUGUSTUS MONDRIAN, an individual, on      | Case No.  1:19-at-00472
   behalf of himself, and on behalf of all persons
17 similarly situated,
                                             | **FIRST AMENDED JOINT STIPULATION**
18            Plaintiff,                      | **OF CLASS ACTION SETTLEMENT AND**
                                             | **RELEASE OF CLAIMS**
19        vs.

20 TRIUS TRUCKING, INC., a California          | Complaint Filed: May 10, 2016
   Corporation; and Does 1 through 50, Inclusive, | 1st Amended Complaint Filed: January 5, 2017
21                                            | 2nd Amended Complaint Filed: March 27, 2017
                                             | 3rd Amended Complaint Filed: May 29, 2019
22           Defendants.

23

24

25

26

27

28

*JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS*

Subject to its terms and conditions and court approval, this First Amended Joint Stipulation of Class Settlement and Release of Claims (the "Stipulation" or "Settlement") is made and entered into by and among Plaintiffs Augustus Mondrian and Rhonda Jones ("Plaintiffs" or "Class Representatives"), in their individual capacities and on behalf of the putative class as defined below, and Defendant Trius Trucking, Inc. ("Defendant"). Plaintiffs and Defendant are jointly referred to in this Stipulation as the "Parties." This Stipulation is subject to the approval of the Court and is made for the sole purpose of consummating the settlement of this Action (defined below) on a class-wide basis subject to the following terms and conditions. As detailed below, in the event the Court does not enter an order granting final approval of the Settlement or the conditions precedent are not met for any reason, this Stipulation shall be null and void and shall be of no force or effect whatsoever in any proceeding of any kind.

## I.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the proposed Class Representatives (for themselves individually and on behalf of all of the Participating Class Members), and Defendant, with the assistance of their respective counsel, that, as among the Settling Parties, the Action, the Plaintiffs' Released Claims and the Claims Released By Participating Class Members (as these capitalized terms are defined herein) shall be finally and fully compromised, settled, and released, and final judgment shall be entered in the Action, as to all Settling Parties (including the Plaintiffs and Participating Class Members), upon and subject to the terms and conditions of this Stipulation.

## II.    DEFINITIONS

As used in this Stipulation, the following terms shall have the meanings specified below. To the extent terms or phrases used in this Stipulation are not specifically defined below, but are defined elsewhere in this Stipulation, they are incorporated by reference into this definition section.

**A.**    "Action" means the current version of the complaint, which is the Third Amended Complaint, now pending in the United States District Court, Eastern District of California, Case No. 1:19-at-00472, as a putative class action, entitled *Augustus Mondrian et. al vs. Trius*

*Trucking, Inc.*, as well as the action originally filed in California Superior Court, County of Fresno, Case No. 16CECG01501.

**B.**    "Aggrieved Employees" means those individuals who worked for Defendant, Trius Trucking in California as Truck Drivers at any location in California during the time period May 10, 2015 to December 31, 2016 ("PAGA Period").

**C.**    "Settlement Administrator" means the third-party claims administration firm jointly selected by the Parties and approved by the Court.  The Parties currently intend to use ILYM Group as the Settlement Administrator.

**D.**    "Claims" means all claims, causes of action, and forms of relief that were asserted in the Action, or that  arise from or could have been asserted based on any of the facts or circumstances, transactions, events, occurrences, acts, disclosures, statements, omissions, or failures to act, alleged in the Complaint (as defined below) in the Action and any claims which arise out of an identical factual predicate set forth in the Complaint, regardless of whether such claims arise under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law during the Class Period.  The release does not include claims outside the Class Period or claims of harassment, retaliation, discrimination, workers' compensation, disability or wrongful termination.

**E.**    "Class" means all individuals who worked for Defendant, Trius Trucking in California as Truck Drivers at any location in California during the time period May 10, 2012 to December 31, 2016 ("Class Period").  The Parties currently estimate that there are about 524 Class Members who collectively worked approximately 22,787 workweeks.

**F.**    "Class Counsel" means the law firm of Blumenthal, Nordrehaug, & Bhowmik.

**G.**    "Class Member" means a member of the Class, including Plaintiffs and all absent class members.

**H.**    "Class Notice" means the notice of the settlement contemplated by this Stipulation of the Fairness Hearing that is to be sent to Class Members after the Court grants preliminary approval of the Settlement, substantially in the form attached to this Stipulation as Exhibit A.

1    **I.**    "Class Period" means the period of time beginning on and including May 10, 2012

2    up through and including December 31, 2016.

3    **J.**    "Class Representatives" means Augustus Mondrian and Rhonda Jones who are the

4    named Plaintiffs and proposed Class Representatives in this Action.

5    **K.**    "Complaint" shall collectively mean the Third Amended Complaint filed on May

6    29, 2019.

7    **L.**    "Counsel for Defendant" means the law firm of Littler Mendelson, P.C.

8    **M.**    Unless otherwise stated, "Court" means the United States District Court, Eastern

9    District of California (Fresno Division).

10    **N.**    "Day" or "days" means calendar days unless specifically stated otherwise in this

11    Stipulation.

12    **O.**    "Defendant" shall mean Trius Trucking, Inc.

13    **P.**    "District Court" means the United States District Court, Eastern District of

14    California.

15    **Q.**    "Effective Date of the Settlement" shall be when the Settlement is considered

16    Final.  The Settlement shall become "Final" (i) upon the passage of the applicable date for an

17    objector to seek appellate review of the District Court's order of final approval of the Settlement,

18    without a timely appeal having been filed; or, (ii) in the event that a timely appeal of the Court's

19    order of final approval has been filed, then the Settlement shall be final when the applicable court

20    has rendered a final decision or opinion affirming the District Court's final approval without

21    material modification, and the applicable date for seeking further appellate review has passed, or

22    the date that any such Appeal has been either dismissed or withdrawn by the appellant.

23    **R.**    "Election Not to Participate in Settlement" means the written and signed request

24    by a Class Member through which a Class Member may elect to exclude himself or herself from

25    the Action and the Settlement.

26    **S.**    "Fairness Hearing" means the hearing to be scheduled by the Court to consider the

27    motion for entry of the Final Approval Order, the motion for attorneys' fees and costs, and any

28    timely-filed objections by Class Members to any of the foregoing.

**T.**  "Final Approval Order" means the Court's order granting final approval of the Settlement and the judgment substantially in the form attached to this Stipulation as <u>Exhibit C.</u>

**U.**  "FLSA Consent Form" means the form for FLSA Opt-In Members to execute and return in order to opt-in to the FLSA claim and receive a share of the $65,000 designated as the "FLSA Net Fund" as described herein<u>.</u>

**V.**  "FLSA Opt-In Members" means those Participating Class Members who worked for Defendant during the period May 10, 2013 to December 31, 2016 and who timely execute and return the FLSA Consent Form.

**W.**  "Notice Materials" means the Class Notice substantially in the form attached to this Stipulation as <u>Exhibit A</u> and the FLSA Consent Form in the form attached to the Stipulation as <u>Exhibit D</u>.

**X.**  "PAGA Payment" means $10,000 from the Settlement Payment, with 75% going ($7,500.00) to the LWDA ("the LWDA Payment") and the remaining 25% ($2,500.00) going to the Aggrieved Employees as their PAGA Payment Shares. Class Counsel shall notify the LWDA of this settlement as required by statute.

**Y.**  "PAGA Payment Share" means that, subject to the terms and conditions of this Stipulation, the Settlement Administrator will pay a PAGA Payment Share from the Settlement Payment to each Aggrieved Employee.  The submission of a claim form is not required to be paid. The PAGA Payment Share for each Aggrieved Employee will be calculated by (a) dividing the PAGA Payment net of the LWDA Payment by the total number of approximate workweeks of all Aggrieved Employees worked during the PAGA Period to determine the value of each workweek and (b) multiplying the result by each individual Aggrieved Employee's total number of workweeks worked as an Aggrieved Employee during the PAGA Period according to Defendant's records.

**Z.**  "Participating Class Member" means a Class Member who does not timely submit a valid Election Not to Participate in Settlement.

**AA.**  "Parties" shall mean Plaintiffs and Defendant.

**BB.**  "Plaintiffs" means Augustus Mondrian and Rhonda Jones, who are the named

Plaintiffs in the Action and the Class Representatives.

**CC.**  "Plaintiffs' Service Payments" mean the service payments to be requested from the Court and, if awarded, paid to the Plaintiffs out of the QSF as compensation for their service to the Class, the risks incurred and their execution of a general release.

**DD.**  "Preliminary Approval Date" means the date on which the Court enters the Preliminary Approval Order.

**EE.**  "Preliminary Approval Order" means the Court's order granting preliminary approval of the Settlement, ordering the mailing of the Notice Materials and scheduling the Fairness Hearing, substantially in the form attached to this Stipulation as Exhibit B.

**FF.**  "Qualified Settlement Fund" or "QSF" means the qualified settlement fund set up by the Settlement Administrator for the Settlement Payment.

**GG.**  "Claims Released By Participating Class Members" shall mean the Claims up through the end of the Class Period.

**HH.**  "Released Parties" shall mean Trius Trucking, Inc. and its past and present  parent companies, subsidiaries, divisions and other affiliated or related companies, current and former employees, officers, directors, agents, representatives, attorneys, insurers, partners, shareholders, representatives, joint venturers, owners, and successors and assigns of each.

**II.**  "Settlement" shall mean the Settlement between the Parties, which is memorialized in this Stipulation.

**JJ.**  "Settlement Payment" means the all-in non-reversionary payment by Defendant of Nine Hundred Ninety-Five Thousand Dollars and No Cents ($995,000.00) to fund the QSF pursuant to this Stipulation which shall be paid to the Claims Administrator by Defendant within 90 days from the Effective Date.  The Settlement Payment will be the sole source and total payment by Defendant, under this Stipulation, to resolve all Claims occurring during the Class Period.  This is not a "claims made" or "reversionary" Settlement, meaning no amount of the QSF shall revert to Defendant for any reason so long as the Settlement is approved and it becomes Final.  In addition, Participating Class Members will not need to submit a claim form to recover under this Settlement.  The QSF shall include all payments involved in effectuating the

Settlement, which are limited to: the Service Payment to the named Plaintiff, all attorneys' fees, costs and expenses of Class Counsel awarded by the Court, including all such fees and costs incurred in documenting the Settlement, and obtaining final judgment in the Action; all employee tax withholdings; the PAGA Payment; the FLSA Net Fund; and all costs of settlement administration, in the amounts approved by the Court. The remaining amount, which is all payments to Participating Class Members, is the "Net QSF."

**KK.** "Settlement Share" means each Participating Class Member's allocated share of the Net QSF.

**LL.** "Settling Parties" means the Released Parties and the Class Representatives on behalf of themselves and all other Participating Class Members.

**MM.** "Stipulation" shall mean this Joint Stipulation of Class Action Settlement and Release of Claims, including Exhibits A, B, C, and D.

## III. RECITALS

**A.** Plaintiff Augusts Mondrian worked for Defendant in California from February 2016 through April 2016 as a Truck Driver. Plaintiff Rhonda Jones worked for Defendant as a Truck Driver from March 2016 through September 2016. Plaintiffs allege that their work required the performance of manual labor consisting of driving Defendant's trucks and transporting goods. Plaintiffs allege that they were entitled to be paid minimum wages, regular wages, straight time wages, and overtime wages, entitled to accurate wage statements in accordance with the California Labor Code and other applicable law, and meal and rest periods as required by California law. Plaintiffs further allege that they were paid on a piece-rate basis while they were employed by Defendant. Plaintiffs also allege they were not provided with minimum wages, regular wages, straight wages, and overtime wages for all of their non-production (i.e., non-driving) work time. Plaintiffs also allege that they did not receive, and were not paid for rest breaks as required by the California Labor Code and other applicable law. Plaintiffs further allege that Defendant failed to provide them with the legally required thirty (30) minute uninterrupted meal periods prior to their fifth (5th) hour of work as well as a second meal period prior to their (10th) hour of work. Plaintiffs also allege Defendant failed to pay them

correct amount of compensation because allegedly Defendant established an illegal pay practice of paying Plaintiffs on a piece-rate basis and as such, failed to pay minimum wages for all compensable time worked.  On May 10, 2016, Plaintiffs filed a lawsuit in the Superior Court of the State of California, County of Fresno on behalf of themselves and a putative class.  The Class consists of all individuals who are or were previously employed by Defendant as truck drivers in California from May, 10, 2012 up through and including December 31, 2016.  The original Complaint was amended on September 30, 2016, amended for a second time on March 27, 2017, and amended for a third time on May 29, 2019. On June 26, 2019, Defendant timely answered Plaintiffs' Third Amended Complaint, and on June 27, 2019, Defendant removed this action to the District Court based on federal question subject matter jurisdiction and supplemental jurisdiction over the state-law claims.

**B.**    In the Second Amended Complaint, Plaintiffs alleged, among other things, the following claims and alleged violations against Defendant: (1) unfair competition in violation of California Business & Professions Code §§ 17200 et seq.; (2) failure to pay minimum wages under the California Labor Code, applicable Wage Order, and corresponding regulations and any other applicable law; (3) failure to pay overtime wages owed each pay period under the California Labor Code applicable Wage Order, and corresponding regulations and any other applicable law; (4) failure to provide accurate itemized wage statements in accordance with the California Labor Code; (5) failure to provide wages when due in violation of the California Labor Code (6) failure to reimburse for all business-related expenses under the California Labor Code; (7) violation of the Private Attorneys General Act of 2004 (i.e., California Labor Code § 2698 *et seq.*).  The Complaint seeks, *inter alia*, unpaid wages of all types, damages, penalties, civil penalties, liquidated damages, statutory damages, restitution, reimbursement, interest, attorney fees, litigation costs, injunctive relief, declaratory relief, and any other equitable or legal relief allegedly due and owing to Plaintiffs and the other Class Members by virtue of the foregoing claims.  Defendant vigorously denies and continues to deny all of the material allegations asserted in the Action, and denies that it has violated any wage and hour law or wage payment or any other law or obligation of any kind to Plaintiffs or any of the Class Members.

**C.**    In the Third Amended Complaint, Plaintiffs alleged, among other things, the following claims and alleged violations against Defendant: (1) unfair competition in violation of California Business & Professions Code §§ 17200 et seq.; (2) failure to pay minimum wages under the California Labor Code, applicable Wage Order, and corresponding regulations and any other applicable law; (3) failure to pay overtime wages owed each pay period under the California Labor Code applicable Wage Order, and corresponding regulations and any other applicable law; (4) failure to provide accurate itemized wage statements in accordance with the California Labor Code; (5) failure to provide wages when due in violation of the California Labor Code (6) failure to reimburse for all business-related expenses under the California Labor Code; (7) violation of the Private Attorneys General Act of 2004 (i.e., California Labor Code § 2698 *et seq.*), and (8) failure to pay straight and overtime compensation in violation of 29 U.S.C. §§ 201, *et seq.*  The Third Amended Complaint, like its predecessors, seeks, *inter alia*, unpaid wages of all types, damages, penalties, civil penalties, liquidated damages, statutory damages, restitution, reimbursement, interest, attorney fees, litigation costs, injunctive relief, declaratory relief, and any other equitable or legal relief allegedly due and owing to Plaintiffs and the other Class Members by virtue of the foregoing claims.  Defendant vigorously denies and continues to deny all of the material allegations asserted in the Action, and denies that it has violated any wage and hour law or wage payment or any other law or obligation of any kind to Plaintiffs or any of the Class Members.  On November 1, 2016, the Parties participated in a good-faith, arms-length mediation presided over by Greg Kyriacou.  Mediator Kryiacou negotiated with the Parties over the entire day, but the Parties were not able to reach an agreement on November 1, 2016.  The Parties were subsequently able to reach a settlement after Mediator Kyriacou made a mediator's proposal, the principal terms of which were memorialized by the Parties in a binding Memorandum of Understanding agreed to on November 30, 2016.  Based on those negotiations and arms-length settlement discussions between the Parties, the Parties agreed to settle the Action, and any claims which arise out of an identical factual predicate set forth in the Complaint, regardless of whether such claims arise under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law during the Class Period, including then-

unpleaded FLSA claim(s), on the terms and conditions set forth in this Stipulation.

**D.**      In the course of litigating the Action, Defendant provided payroll and employment data and other information regarding the Class Members to Plaintiffs and Class Counsel, including information relating to the Labor Code 226.2 safe harbor affirmative defense and other issues raised by the Complaint.  Defendant also provided Plaintiffs with their entire personnel file and DOT logs, various internal documents and policies, procedures, and manuals, exemplar wage statements, earnings and other compensation and employment-related materials, including documents relating to pay, and numerous other documents and information.

**E.**      Based on that data, and their own independent investigation and evaluation, Class Counsel has thoroughly analyzed the value of the Class Members' claims during the prosecution of this Action.  This discovery, investigation, and prosecution has included, among other things: (a) multiple conferences with Plaintiffs' counsel; (b) inspection and analysis of the documents and materials produced by Defendant; (c) analysis of the various legal positions taken and defenses raised by Defendant; (d) investigation into the viability of class treatment of the claims asserted in the Action, including, but not limited to, recent federal court case law denying class certification in a case involving a trucking company; (e) analysis of potential class-wide damages; (f) research of the applicable law with respect to the claims asserted in the Complaint and the potential defenses thereto; (g) the exchange of information through informal discovery; and, (h) assembling data for calculating damages, including retaining an expert for this calculation.

**F.**      The discovery conducted in this matter, as well as discussions between counsel, have been adequate to give the Class Representatives and Class Counsel a sound understanding of the merits of their position and to evaluate the worth of the claims of the Class Members in light of Defendant's many defenses to them.  The discovery conducted in this Action and the information exchanged by the Parties through discovery and mediation are sufficient to reliably assess the merits of the respective Parties' positions and to compromise the issues on a fair and equitable basis.  As a result, the Parties hereto agree and represent to the Court that the Settlement for the Claims asserted in the Action and any claims which arise out of identical factual predicate set forth in the Complaint, regardless of whether such claims arise under federal, state and/or

local law, statute, ordinance, regulation, common law, or other source of law during the Class Period is fair and reasonable.

G.     Throughout the course of this Action, the Parties have engaged in formal and informal settlement discussions.  Specifically, the Parties engaged in mediation before Gig Kyriacou, a well-respected wage and hour class mediator.  After a full day of negotiations and extensive arms-length bargaining, and subsequent negotiations over the course of multiple weeks, the Parties reached an agreement in principle to settle the Action following a mediator's proposal.

H.     The Class Representatives and Class Counsel believe that the claims, causes of action, allegations and contentions asserted in the Action have merit.  However, the Class Representative's and Class Counsel recognize and acknowledge the many risks, expense and delay of continued lengthy proceedings necessary to prosecute the Action against Defendant through trial and through appeals.  Class Counsel has taken into account the uncertain outcome and the risk of any litigation, the risk of continued litigation in complex actions such as this, as well as the difficulties and delays inherent in such litigation, and the potential difficulty of maintaining the Action as a class action.  Class Counsel is mindful of the inherent problems of proof under, and possible defenses to, the claims alleged in the Action.  Class Counsel believes that the Settlement set forth in this Stipulation confers substantial benefits upon Plaintiffs and the Participating Class Members and that an independent review of this Stipulation by the Court in the approval process will confirm this conclusion.  Based on their own independent investigation and evaluation, Class Counsel have determined that the Settlement set forth in the Stipulation is in the best interests of the Class Representatives and the Class Members.

I.     Defendant has denied and continues to deny each and all of the claims and contentions alleged by Plaintiffs and all putative class members in the Action.  Defendant has expressly denied and continues to deny all charges of wrongdoing or liability against it arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action.  Defendant contends that it complied in good faith with state and federal wage and hour employment laws.  Defendant further denies that, for any purpose other than settling this Action, these claims are appropriate for class, collective, or representative treatment of any kind.

Nonetheless, Defendant has concluded that further conduct of the Action would be protracted and expensive and that it is desirable for economic reasons that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation in order to limit further expense, inconvenience and distraction, to dispose of burdensome and protracted litigation, and to permit the operation of Defendant's business without further expensive litigation and the distraction and diversion of its personnel with respect to matters at issue in the Action. Defendant has also taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as the Action.  Defendant has, therefore, determined that it is desirable and beneficial to it that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation.  The Parties have agreed to the terms set forth herein without in any way acknowledging fault or liability.

**J.**     The Settlement set forth herein intends to achieve the following:  (a) entry of an order approving the Settlement and granting the monetary and other relief set forth in this Stipulation to the Plaintiffs and Participating Class Members; (b) entry of judgment in the Action; and (c) the release and discharge of Defendant and all other Released Parties, and each of them, from liability for any and all of the released Claims.

**K.**     Class Counsel and Plaintiffs are of the opinion that the Stipulation is fair, reasonable, and adequate and is in the best interest of the Class in light of, among other things, all known facts and circumstances, including the risk of significant delay, the size of the class, the substantial monetary benefits provided by the Settlement to Plaintiffs and the Participating Class Members, the defenses asserted by Defendant as to both class action certification and the merits of the claims, and potential appellate issues.

**L.**     It is therefore the mutual desire of the Parties to fully, finally, and forever settle, compromise, and discharge all Claims as more fully set forth herein.  In order to achieve a full and complete release of the Released Parties, the Participating Class Members, by and through the Class Representatives, acknowledge that this Stipulation is intended to include and resolve all Claims that were pled in the Action as well as those Claims that could have been pled in the Action based upon the identical factual predicate set forth in the Complaint.

**M.**    This Stipulation represents a compromise of highly disputed claims.  Nothing in this Stipulation is intended to, or may be construed as, an admission by Defendant or any of the other Released Parties that the claims in the Action have merit or that any of them has any liability to Plaintiffs or any Class Member on those claims or any other claim, which Defendant and the Released Parties deny.  By entering into this Settlement, Defendant and the Released Parties make no admission that they have engaged, or are now engaging, in any unlawful conduct.  The Parties understand and acknowledge that this Stipulation is not an admission of liability and shall not be used or construed as such in any legal or administrative proceeding of any kind.  This Stipulation shall further never be treated as an admission of liability by Defendant or any Released Party for any purpose whatsoever.

## IV.    CONDITIONAL CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL AND CLASS REPRESENTATIVE

**A.**    For purposes of this Stipulation and subject to the Court's approval, the Parties hereby stipulate that a Class defined as all current and former truck drivers employed by Defendant in the State of California beginning on and including May 12, 2012 up through and including December 31, 2016, may be conditionally certified for settlement purposes only.  If the Court grants preliminary approval of this Settlement, Defendant will prepare and provide the Class Data to the Settlement Administrator within ten (10) days from the Preliminary Approval Date as described in Section XI below.

**B.**    For purposes of this Stipulation and subject to the Court's approval, the Parties hereby stipulate to the appointment of Class Counsel as counsel for the Class and the effectuation of the Settlement pursuant to this Stipulation.

**C.**    For purposes of this Stipulation and subject to the Court's approval, the Parties hereby stipulate to the appointment of Plaintiffs as the Class Representative for the Class.

## V.    SETTLEMENT CONSIDERATION

**A.**    The Settlement Payment made by Defendant shall constitute adequate consideration for the Settlement and will be made in full and final settlement of: (a) all claims released by Plaintiffs and the Participating Class Members as described herein; (b) Class

Counsel's claims for attorney fees and expenses; (c) the Settlement Administrator's expenses; (d) the LWDA payment; and, (e) any other obligation of Defendant under this Stipulation, including employer's share of payroll taxes.

**B.**     Each Participating Class Member, including Plaintiff, shall receive a payment based on a formula calculated in accordance with Section XIX below.

**C.**     For the purpose of calculating applicable taxes for the payment of the individual Settlement Shares to each Participating Class Member (including any payment made to Plaintiffs but excluding Plaintiffs' Service Payments), the Parties agree for settlement purposes only that the Settlement Shares will be characterized as 50% wages and 50% interest, and penalties.

**D.**     Neither the Settlement nor any amounts paid under it will modify any previously credited hours, days, or weeks of service under any employee benefit plan, policy or bonus program sponsored by Defendant.  Such amounts will not form the basis for additional contributions to, benefits under, or any other monetary entitlement under Defendant's sponsored benefit plans, policies or bonus programs.  The payments made under the terms of this Stipulation shall not be applied retroactively, currently, or on a going forward basis, as salary, earnings, wages, or any other form of compensation for the purposes of any of Defendant's benefit plan, policy or bonus program.  Defendant does not consider the Settlement payments "compensation" for purposes of determining eligibility for, or benefit accrual within, any benefit plans, policies, or bonus programs, or any other plan sponsored by Defendant.

## VI.    ATTORNEY FEES, COSTS, AND EXPENSES OF CLASS COUNSEL; PLAINTIFF'S SERVICE PAYMENT

As part of the motion for final approval of the Settlement, Class Counsel may submit an application for an award of attorney fees in an amount not to exceed Two Hundred Forty-Eight Thousand Seven Hundred Fifty Dollars ($248,750.00), which is 25% of the QSF, to be heard by the Court at the Fairness Hearing.  Class Counsel may also submit an application for an award of litigation costs and expenses not to exceed Fifteen Thousand Dollars ($15,000.00) as per Class Counsel's billing statement, and Class Representative's Service Payment not to exceed Ten Thousand Dollars ($10,000.00) for each of the Class Representatives, which shall all be paid out

of the Settlement Payment. As a condition of this Settlement, Class Counsel have agreed to pursue their fees, costs, and expenses only in the manner reflected by this Stipulation. Any fees, costs, and expenses awarded by the Court to Class Counsel shall be paid to Class Counsel from the QSF and shall not constitute payment to any Participating Class Member, and any amount awarded by the Court to Plaintiffs as a service award shall be paid to the Class Representatives from the QSF. The Settlement Administrator will issue to Class Counsel an IRS Form 1099 for their award of attorneys' fees and costs. Any court order awarding less than the amounts set forth in this paragraph to Class Counsel shall not be grounds to cancel the Settlement. Unapproved amounts shall be reallocated to the Net QSF. Subject to Court approval, the named Plaintiffs may receive an additional $10,000 each in addition to any payment they otherwise are entitled to as a Participating Class Member. These Service Payments recognize the role the named Plaintiffs have served in creating the QSF and is in exchange for a general release of their individual claims against Defendant, excepting claims for workers compensation benefits, unemployment, insurance, and accrued benefit such as vacation, paid time off, 401(k), ERISA, and SDI or claims outside the class period. Any court order awarding the Class Representatives less than the full amount of the Service Payment shall not be grounds to cancel the Settlement Agreement. Unapproved amounts shall be reallocated to the Net QSF.

## VII.   SETTLEMENT ADMINISTRATION COSTS AND EXPENSES

All costs and expenses due the Settlement Administrator in connection with its administration of the Settlement, including, but not limited to, providing the Class Notice and other Notice Materials, locating Class Members, processing Elections Not to Participate in Settlement, and administering and distributing settlement payments to the Participating Class Members shall be paid from the QSF. Settlement administration costs and expenses are estimated not to exceed $15,000.00.

## VIII.   DUTIES OF THE PARTIES TO SEEK COURT APPROVAL

A.   As soon as possible after the execution of this Stipulation, and after first providing a draft to Counsel for Defendant at least seven (7) days before filing, Plaintiffs will file a motion with the Court requesting entry of the Preliminary Approval Order, including the following

terms:

1.       For settlement purposes only, and without reaching any determination as to the manageability at trial of the Action, conditionally certifying the Class as an opt-out class with respect to all causes of action but the FLSA cause of action, which requires parties opt in to the suit.

2.       Preliminarily approving the settlement as set forth in the Stipulation.

3.       Scheduling the Fairness Hearing to consider: (1) whether the settlement as set forth in the Stipulation should be finally approved as fair, reasonable, and adequate as to the Participating Class Members; (2) whether the Court should grant Plaintiffs' request for the Plaintiffs' Service Payments; (3) whether the Court should grant Class Counsel's request for attorneys' fees and costs; (4) whether the Court should grant the unopposed request to approve the PAGA Payment and allocation thereof; and (5) whether the Court should grant the request to pay the Settlement Administrator the amount requested.

4.       Approving as to form and content the Notice Materials and setting deadlines for submission of Election Not to Participate in Settlement and for the service and filing of objections to the Settlement, and/or the motions for the Plaintiff's Service Payments as well as attorneys' fees and costs.

5.       Appointing a Settlement Administrator to exercise the duties allocated to the Settlement Administrator below.

6.       Directing the Settlement Administrator to mail the Notice Materials to the Class Members by first-class mail by the deadline set forth below.

**B.**       Any disagreement among the Parties concerning the final forms of the Notice Materials, or other documents necessary to implement the Stipulation, as well as all other disputes regarding the Stipulation and its implementation, will be decided by the Court for resolution if the Parties' good faith efforts to resolve the disagreement have failed.

## IX.    CERTIFICATION OF THE CLASS FOR PURPOSES OF SETTLEMENT ONLY

**A.**       The Parties agree that, in a hybrid FLSA/Rule 23 action, class notice forms must explain: (1) the hybrid nature of the action; and (2) the claims involved in the action; (3) the

options that are available to California Class members in connection with the settlement, including how to participate or not participate in the Rule 23 class action and the FLSA collective action aspects of the settlement; and, (4) the consequences of opting-in to the FLSA collective action, opting-out of the Rule 23 class action, or doing nothing."

**B.**     The Parties hereby stipulate, for settlement purposes only, that the Court may conditionally certify the Class, as defined in this Stipulation, as an opt-out class with respect to all causes of action but the FLSA cause of action, which requires parties opt in to the suit (the "Class Stipulation").

**C.**     The Parties agree as part of the Class Stipulation that, for settlement purposes only, the legal requirements of Federal Rules of Civil Procedure, Rule 23 are satisfied.

**D.**     The Class Stipulation is made solely for purposes of the Settlement.  The Class Stipulation is in no way an admission that class action certification is proper under the more stringent litigation certification standard that requires a showing of, *inter alia*, manageability or that certification requirements would be established by further discovery, and neither this Stipulation nor the Class Stipulation will be admissible in this or any other action or proceeding as evidence that (i) the claims advanced in the Action, or any other class, collective, or representative action claims, should be certified or not decertified, or (ii) Defendant or any of the Released Parties are liable to Plaintiffs, the Class Members, or any other putative class, representative, or collective action members.

## X.     APPOINTMENT AND DUTIES OF SETTLEMENT ADMINISTRATOR

**A.**     Subject to the approval of the Court, the Parties have agreed to the appointment of a Settlement Administrator to perform the following duties in connection with administration of their settlement:   (i) using data provided by Defendant to prepare the Notice Materials; (ii) obtaining forwarding addresses for Class Members using appropriate methods as set forth herein; (iii) mailing the Notice Materials to Class Members; (iv) tracking non-delivered Notice Materials and taking reasonable steps to re-send them to Class Members' current addresses; (v) tracking and timely reporting to Class Counsel and Counsel for Defendant returned Election Not to Participate in Settlement forms; (vi) establishing the QSF; (vii) disbursing all amounts

payable from the QSF to all Participating Class Members without the need for them to file a claim form and handling all tax reporting; (viii) calculating the Settlement Shares and PAGA Payment Shares; (ix) notifying Class Counsel and Counsel for Defendant of any Participating Class Members who have not cashed their Settlement Share checks by the deadline set forth below; (x) handling the disbursement and tax reporting, if any, of amounts associated with uncashed checks; (xi) remitting unclaimed settlement proceeds to the California Unclaimed Property Fund; and, (xii) providing all required reports and declarations in support of proceedings to approve and effectuate this settlement through the District Court.

**B.**     All disputes relating to the Settlement Administrator's performance of its duties, after good faith efforts by the Parties to first resolve such disputes, will be referred to the Court, if necessary, which will have continuing jurisdiction over this Stipulation until all payments and obligations contemplated by this Stipulation have been fully carried out.

**XI.     NOTICE OF THE SETTLEMENT**

**A.**     Mailing the Notice Materials to the Class

1.     Within ten (10) days after the Court enters the Preliminary Approval Order, Defendant will provide to the Settlement Administrator a list of each Class Member's first name, last name, and middle initial, Social Security number, last known address, and the dates they were employed by Defendant in California during the Class Period (the "Class Data"). This list will be drawn from Defendant's payroll and human resources records and in a format acceptable to the Settlement Administrator.   The Class Data provided to the Settlement Administrator will remain confidential and will not be used or disclosed to anyone other than Class Counsel, except as required to applicable tax authorities, pursuant to Defendant's express written consent, or by order of the Court.

2.     Within ten (10) days after Defendant provides the Class Data to the Settlement Administrator, the Settlement Administrator will mail, by first-class mail, the Notice Materials to all Class Members at their last known addresses, unless modified by any updated address information that the Settlement Administrator obtains.

3.     The Settlement Administrator will use standard devices, including the

National Change of Address database or equivalent, to obtain forwarding addresses prior to mailing and will use appropriate skip tracing for undeliverable Notice Materials to take appropriate steps to maximize the probability that the Notice Materials will be received by Class Members.  If Notice Materials is returned because of an incorrect address, the Settlement Administrator will promptly search for a more current address for the Class Member and re-mail the Notice Material to the Class Member no later than seven (7) business days after the receipt of the undelivered Notice Material.  The Settlement Administrator will be responsible for taking reasonable steps, consistent with its agreed-upon job parameters, Court orders, and fee, as agreed to with Class Counsel and according to the following deadlines, to trace the mailing address of any Class Member for whom a Notice Material is returned by the U.S. Postal Service as undeliverable.  These reasonable steps shall include, at a minimum, the tracking of all undelivered mail; performing address searches for all mail returned without a forwarding address using available phone numbers, social security numbers, credit reports, LinkedIn, and Facebook; and promptly re-mailing to Class Members for whom new addresses are found.  If the Notice Material is re-mailed, the response date for FLSA Consent Forms, written objections, disputes and opt-outs will be extended an additional 15 days, this extended response date will be set forth in the re-mailed Notice Material, and the Settlement Administrator will note for its own records and notify Class Counsel and Defendant's Counsel of the date and address of each such re-mailing as part of a weekly status report provided to the Parties.

4.    If an individual not included in the Class Data provided to the Settlement Administrator later claims to be a Class Member, the Settlement Administrator shall obtain from said individual evidence of his or her claimed eligibility, which information will be provided to the Parties.  Defendant will verify the information provided by said individual, and make a good faith effort to resolve the issue with Class Counsel.  If the parties cannot agree, the Settlement Administrator shall decide whether the individual shall be included in the Settlement, which decision shall be final but subject to review by the Court if requested by any Party.

**B.**    Election Not to Participate in Settlement

1.     With respect to the non-FLSA causes of action, each Class Member will have forty-five (45) days after the date on which the Settlement Administrator mails the Notice Materials to submit to the Settlement Administrator an Election Not to Participate in Settlement if they wish to be excluded from the Settlement and the Action.  A Class Member who submits a timely and valid Election Not to Participate in Settlement ("Non-Participating Class Member") shall not receive a Settlement Share and shall not be bound by the release of Claims Released by Participating Class Members, except to the extent that a Non-Participating Class Member who is also an Aggrieved Employee does not have the option of excluding themselves for this Settlement as it relates to his or her PAGA claims, and will be bound by the portions of this Settlement relating to the settlement and release of those PAGA claims only.  An Election Not to Participate in Settlement will be deemed timely submitted to the Settlement Administrator if it is (i) mailed to the Settlement Administrator by first-class mail and postmarked by not later than the deadline for submission stated above; or (ii) delivered to and received by the Settlement Administrator by the deadline for submission stated above, whether by mail, facsimile transmission, professional delivery, or personal delivery.  To be valid, the Election Not to Participate in Settlement must comply with the procedure set forth in the Notice and must (1) be in writing and signed by the Class Member, (2) include the name and address of the Class Member, and (3) indicate the Class Member's request to be excluded from the Settlement Class in *Mondrian v. Trius Trucking, Inc.*

2.     A Class Member who does not properly complete and timely submit a written Election Not to Participate in Settlement in the manner and by the deadline specified above will automatically become a Participating Class Member and be bound by all terms and conditions of the Settlement, including the release of all Claims Released by Participating Class Members, if the Settlement is approved by the Court, and be bound by the Final Approval Order, regardless of whether he or she has objected to the Settlement, and shall receive a Settlement Share payout.

3.     A Class Member who properly and timely submits an Election Not to Participate in Settlement will not be bound by the Settlement or the Action, will not receive a Settlement Share, and will not have standing to object to: (i) the Settlement; (ii) the Class

Representative's motion for Plaintiffs' Service Payment; or (iii) Class Counsel's motion for attorneys' fees and costs; and Defendant will retain all of their defenses to such Class Member's claims.

4.     No Election Not to Participate in Settlement will not be honored if submitted late under the deadlines set forth above, unless the Court permits the acceptance of the late submission.

**C.**     Objection to Settlement

1.     Each Class Member who does not timely submit an Election Not to Participate in Settlement will have forty-five (45) days after the date on which the Settlement Administrator mails the Notice Materials to object to the Settlement by serving on Class Counsel, and Counsel for Defendant, and filing with the Court, a written objection to the Settlement, Plaintiff's Service Payment, and/or Class Counsel's attorneys' fees and costs.  A Class Member who does not serve a written objection in the manner and by the deadline specified above will be deemed to have waived any objection and will be precluded from making any objection to the Settlement, or the Plaintiffs' motion for attorneys' fees and costs (whether by appeal or otherwise).

**D.**     FLSA Opt-In

1.     Each Class Member who does not timely submit an Election Not to Participate in Settlement will have forty-five (45) days after the date on which the Settlement Administrator mails the Notice Materials to return a signed FLSA Consent Form in order to receive their share of the FLSA Net Fund as described herein.

**E.**     Reports and Declaration by Settlement Administrator

1.     By no later than ten (10) days after expiration of the 45-day deadline for submission of FLSA Consent Forms, Election Not to Participate in Settlement and objections to the Settlement, the Settlement Administrator will prepare and submit for filing in support of the Parties' motion for entry of the Final Approval Order a declaration attesting to its mailing of the Notice Materials, its receipt of valid FLSA Consent Forms, Election Not to Participate in Settlement and its inability to deliver the Notice Materials to Class Members due to invalid

addresses, both of which shall be indicated by number of Class Members only.  Prior to the Fairness Hearing, the Settlement Administrator will prepare and submit for filing in support of the motion a supplemental declaration to provide updated and final figures.

## XII.   RIGHT TO RESCIND

If 5% or more of the class members opt out of the Settlement, Defendant may, at its election, rescind the Settlement.  All actions taken in furtherance of the Settlement will be therefore null and void.  Defendant must exercise the right of rescission within fourteen (14) calendar days after the Settlement Administrator notifies the parties of the total number of opt outs.  If Defendant exercises this option, or if the court fails to issue the Final Approval Order, neither Defendant nor any the Released Parties shall have any obligation to make any payments under this Agreement and Defendant shall receive a return of any funds already paid.  In such a case where Defendant elects to rescind, Defendant shall pay all Settlement Administrator Expenses incurred up to that date.

## XIII.   NOTICE OF SETTLEMENT TO STATE OFFICIALS (PAGA NOTICES).

Class Counsel shall timely and promptly serve any and all documents required to be provided in connection with a PAGA claim (*see, e.g.,* California Labor Code § 2699(l)) on the appropriate agent, division, or department of the State of California.

## XIV.   FINAL APPROVAL OF THE SETTLEMENT

A.     Plaintiffs will file a motion with the Court requesting final approval of the Settlement and entry of the Final Approval Order by the deadline set by the Court, which, unless otherwise ordered by the Court, will be filed at least sixteen (16) court days prior to the Fairness Hearing and posted immediately thereafter on Class Counsel's website.  Class Counsel will provide a draft of that motion to Counsel for Defendant for their review at least seven (7) days before the filing deadline.

B.     No later than sixteen (16) court days prior to the Fairness Hearing, the Class Representatives, acting through Class Counsel, will file a motion requesting the Plaintiffs' Service Payment in an amount not to exceed Ten Thousand Dollars ($10,000.00) each for their service, which may be posted on Class Counsel's website and made accessible to the Class

Members as set forth in the Notice Materials. The motion shall be set for hearing on the same date and time as the Fairness Hearing. Any Plaintiffs' Service Payment awarded by the Court will be paid out of the QSF; provided, however, that no sums shall be due to Plaintiffs unless and until the Settlement has become completely Final and the Effective Date of the Settlement has been realized. A denial by the Court of the Class Representatives' motion, in whole or in part, or an award of a lesser amount than requested will not constitute a material modification of this Stipulation or the Settlement. Unapproved amounts shall be reallocated to the Net QSF.

**C.**     No later than sixteen (16) court days prior to the Fairness Hearing, Class Counsel will file a motion for attorneys' fees in an amount not to exceed Two Hundred Forty Eight Thousand Seven Hundred Fifty Dollars ($248,750.00) and costs in an amount not to exceed Fifteen Thousand Dollars ($15,000.00), which may be posted on Class Counsel's website and made accessible to the Class Members as set forth in the Notice Materials. Unless otherwise ordered by the Court, Class Counsel's motion for attorneys' fees and costs shall be set for hearing on the same date and time as the Fairness Hearing. Any award of fees and costs by the Court will be paid out of the QSF; provided, however, that no sums shall be due to Class Counsel unless and until the Settlement has become completely Final and the Effective Date of the Settlement has been realized. A denial by the Court of Class Counsel's motion, in whole or in part, or an award of a lesser amount will not constitute a material modification of this Stipulation or the Settlement. Defendant will issue to Class Counsel an IRS Form 1099 for their award of attorneys' fees and costs. Any court order awarding less than the amounts set forth in this paragraph to Class Counsel shall not be grounds to cancel the Settlement. Unapproved amounts shall be reallocated to the Net QSF.

**D.**     The Parties will submit for entry by the Court, with their motion for final approval of the Settlement, a proposed Final Approval Order that includes the provisions set forth in <u>Exhibit C</u> hereto. Any modifications to the attached proposed Final Approval Order may be made only by mutual agreement of the Parties.

## XV.  NULLIFICATION OF THIS STIPULATION

**A.**     If (a) Defendant rescinds the Settlement pursuant to this Stipulation, (b) the Court

should for any reason decline to approve this Stipulation in the form agreed to by the Parties, or (c) the Court should for any reason fail to enter a judgment in the Action, then the Stipulation, Settlement, and conditional class certification will automatically become null and void without any act or deed by any Party and the terms and fact of this Stipulation (and of any act performed or document executed pursuant to or in furtherance of the Stipulation), the fact that the Parties stipulated to a Class for settlement purposes, and the fact that the Court granted certification of the Class for settlement purposes, will be inadmissible evidence in any subsequent proceeding in the Action or elsewhere.  Put another way, neither the Settlement, class certification, nor any of the related negotiations or proceedings, shall be of any force or effect, and all parties to the Settlement shall stand in the same position, without prejudice, as if the Settlement had been neither entered into nor filed with the Court.  Notwithstanding the foregoing, the Parties may attempt in good faith to cure any perceived defects in the Stipulation to facilitate approval.

**B.**     A modification by the Court of Plaintiffs' Service Payments or of any award of attorneys' fees or costs to Class Counsel shall not constitute a nullification or invalidation of any material portion of the Settlement.

**C.**     In the event the Court declines to approve this Stipulation in the form agreed to by the Parties, the Parties will be equally responsible for all charges incurred by the Settlement Administrator as of the time the Settlement is disapproved or invalidated.  This paragraph shall not apply to the circumstance where the Settlement does not become effective because Defendant exercised its right to rescind in which case Defendant shall be responsible for the charges of the Settlement Administrator.

## XVI.  WAIVER OF RIGHT TO APPEAL

Provided that the Final Approval Order is consistent with the terms and conditions of this Settlement in all material respects (i.e. without modifications other than those declared above to not be "material"), Plaintiffs and all other Participating Class Members who did not timely submit an objection to the Settlement, Plaintiffs' Service Payment, and/or Class Counsel's attorneys' fees and costs, hereby waive any and all rights to appeal from the Final Approval Order, including all rights to any post-judgment proceeding and/or appellate proceeding, such as a

motion to vacate or set-aside judgment, a motion for new trial, or any extraordinary writ, and the Final Approval Order therefore will become final and non-appealable at the time it is entered. This waiver does not include any waiver of the right to oppose any appeal, appellate proceedings or post-judgment proceedings.

## XVII. REVERSAL OR MATERIAL MODIFICATION OF JUDGMENT ON APPEAL

**A.** In the event of a timely appeal from the judgment, the judgment shall be stayed, and the QSF shall not be distributed to Participating Class Members, Plaintiffs, or Class Counsel, and the actions required by this Stipulation shall not take place until all appeal rights have been exhausted by operation of law.

**B.** If, after a notice of appeal or a petition for writ of *certiorari*, or any other motion, petition, or application, the reviewing court vacates, reverses, or modifies the Final Approval Order such that there is a material modification to the Settlement as set forth in this Stipulation, and that court's decision is not completely reversed and the Final Approval Order is not fully affirmed on review by a higher court, then the Parties will each have the right to void the Stipulation, which a Party must do by giving written notice to the other Party, the reviewing court, and the Court no later than twenty-one (21) days after the reviewing court's decision vacating, reversing, or materially modifying the Final Approval Order becomes Final. A vacation, reversal, or modification of any Plaintiffs' Service Payment or of any award of attorneys' fees or costs to Class Counsel will not constitute a vacation, reversal, or material modification of the Final Approval Order.

## XVIII. CREATION OF THE QUALIFIED SETTLEMENT FUND

A. Defendant will fund the QSF by payment to the Settlement Administrator of $995,000 on or before ninety (90) days after the Effective Date for distribution within 100 days after the Effective Date.

B. These payments shall constitute the full amount of the Settlement Payment. Put another way, the Settlement Payment is the maximum amount Defendant is obligated to pay under this Stipulation (or otherwise in connection with this Action) and is inclusive of any Plaintiff's Service Payments, Class Counsel's attorneys' fees and costs, the Settlement Shares, all

employee and employer tax withholdings, the PAGA Payment, and the Settlement Administrator's reasonable fees and expenses in administering the Settlement.

## XIX. DISTRIBUTION OF THE QUALIFIED SETTLEMENT FUND

A.    In the event the Final Approval Order becomes Final (i.e., on the Effective Date of the Settlement), the Settlement Administrator will distribute the proceeds of the QSF as set forth below in the following manner:

1.    The Settlement Administrator shall pay to itself its portion of the QSF for all services through the closing of the settlement administration.

2.    To the Plaintiffs, any Plaintiffs' Service Payment awarded by the Court, for which the Settlement Administrator will issue a Form 1099. Plaintiffs will be responsible for all federal, state, and local tax filings and liabilities that may result from any such payment and the Defendant shall bear no responsibility for such filings or liabilities.

3.    A payment of seven thousand five hundred dollars ($7,500.00) shall be made to the LWDA for its 75% portion of the amount allocated to PAGA claims. The remaining two thousand five hundred dollars ($2,500.00) allocated to PAGA claims shall be paid proportionally to Aggrieved Employees based upon their workweeks during the PAGA Period. All Aggrieved Employees will be sent their share of the PAGA Payment and will be subject to the release of the Released PAGA Claims as set forth below, whether or not they opt out of the Class.

4.    To Class Counsel, all attorneys' fees and costs awarded by the Court shall be paid, for which the Settlement Administrator will issue a Form 1099. Class Counsel is responsible for all federal, state, and local tax filings and liabilities that may result from such payment and the Defendant shall bear no responsibility for such filings or liabilities.

5.    To every Participating Class Member, which includes Plaintiff, his or her Settlement Share shall be calculated using the formula set forth in Section XIX.B below.

**6.**    To the FLSA Opt-In Members, his or her FLSA Share which shall be calculated as follows: (1) dividing each FLSA Opt-In Member's work weeks based on the Class Data by the total work weeks for all potential FLSA Opt-In Members to determine his or her proportionate share of the FLSA Net Fund (the "FLSA Share Proportion"); and (3) multiplying each FLSA Opt-In Member's FLSA Share Proportion by the FLSA Net Fund.  To the extent less than all of the FLSA Net Fund is not claimed (i.e. because of an opt out or a failure to return the FLSA Consent Form), the unclaimed portion of the FLSA Net Fund shall be reallocated to the Net QSF.

**7.**    To the appropriate state and federal tax agencies, all employee and employer taxes due shall be paid.

**B.**    Each Participating Class Member's Settlement Share will be calculated as follows:

**1.**    The "Net QSF" will equal the balance after deducting for all amounts necessary to effectuate the Settlement, including, but not necessarily limited to, attorneys' fees, costs and expenses, the Service Payments to the Class Representatives, the PAGA Payment, the FLSA Net Fund, and the costs of settlement administration, in the amounts approved by the Court.  The Net QSF will be available for distribution to Participating Class Members

**2.**    A Participating Class Member's Settlement Share will be calculated as follows: (1) calculating the total weeks worked by all Participating Class Members based on the Class Data (the "Total Work Weeks"); (2) dividing each Participating Class Member's work weeks based on the Class Data by the Total Work Weeks to determine his or her proportionate share of the Net QSF (for each Participating Class Member, the "Settlement Share Proportion"); and (3) multiplying each Participating Class Member's Settlement Share Proportion by the Net QSF.  In addition, FLSA Opt-In Members shall receive their share of the FLSA Net Fund along with their Settlement Share Proportion

**3.**    The Settlement Administrator will issue both a Form W-2 and Form 1099 to each Participating Class Member, with 50% of each Settlement Share, FLSA Share and each Aggrieved Employee's PAGA Payment Share reported on the Form W-2 as claimed wages and the remaining 50% reported on the Form 1099 as claimed penalties, and interest.  The Participating Class Members are responsible for all federal, state, and local tax filings and liabilities that may result from such Settlement Share payments subject to reporting on a Form 1099, and the Defendant shall bear no responsibility for such filings or liabilities.

**4.**    Defendant makes no representations with respect to the taxability of any payments pursuant to this Settlement, and the Class Notice will advise Class Members to seek their own tax advice as necessary.

**5.**    Participating Class Members shall have 180 days to cash their settlement checks. In the event a settlement check is returned as a result of an incorrect address, the Settlement Administrator shall engage in the same procedures as with Notice Materials to determine a correct address and re-mail the settlement check n the event an updated address is obtained.  Any re-issued checks shall be valid for 180 days after the re-issuance.  In the event that any checks mailed to Participating Class Members remain uncashed after the expiration of 180 days, or an envelope mailed to a Participating Class Members is returned and no forwarding address can be located for the Participating Class Member after reasonable efforts have been made, then any such unclaimed funds shall be paid to the California Controller's Unclaimed Property Fund in the name of the Participating Class Member.  Class Members will participate in the Settlement and will be bound by its terms and release if they do not opt-out as described more fully herein within forty-five (45) days of the Settlement Administrator's mailing out of notices.  As a no-claims-made settlement, Class Members will not need to submit a claim form to participate in the Settlement.

**6.** Should the Settlement Administrator need more time than is provided under this Stipulation to complete any of its obligations, the Settlement Administrator may request, in writing, such additional time (including an explanation of the need for additional time) from Counsel for Defendant and Class Counsel. If Counsel for Defendant and/or Class Counsel do not agree, in writing, to the Settlement Administrator's request for additional time, the Settlement Administrator, Class Counsel or Counsel for Defendant may seek such additional time from the Court.

## XX.   ENTRY OF JUDGMENT IN THE ACTION.

As part of the consideration for this Settlement, judgment shall be entered in accordance with Federal Rule of Civil Procedure 23. Notwithstanding the entry of judgment, the Court shall retain jurisdiction to interpret and enforce this Stipulation.

## XXI.  RELEASE OF CLAIMS BY PLAINTIFF, AND ALL PARTICIPATING CLASS MEMBERS.

**A.    Plaintiffs' General Release of All Claims Against Defendant and all other Released Parties**: Upon the Effective Date, in consideration of the unopposed motion for the Plaintiffs' Service Payment, payment of Plaintiffs' Settlement Share, Plaintiffs' agreement not to opt out, and any other benefits provided to Plaintiffs as part of the Settlement, Plaintiffs, on behalf of themselves and their estates, executors, administrators, heirs and assigns, hereby releases, discharges, and agrees to hold harmless Defendant and any of its parent companies, subsidiaries, divisions and other affiliated or related entities, past and present, as well as their employees, officers, directors, agents, representatives, attorneys, insurers, partners, shareholders, representatives, joint venturers, owners, and successors and assigns of each (i.e., the Released Parties), from any and all claims, damages, costs, obligations, causes of action, actions, demands, rights, and liabilities of every kind, nature and description whatsoever, whether known or unknown, whether anticipated or unanticipated, arising on or before the end of the Class Period ("Plaintiffs' Released Claims"). Anything to the contrary notwithstanding, Plaintiffs do not release claims for workers' compensation benefits, unemployment insurance, and accrued benefits such as vacation, paid time off, 401k, ERISA, and SDI. Without limiting the generality

of the foregoing in any way, Plaintiffs' Released Claims include, but are not limited to, any and all claims, charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, penalties, actions, causes of action, suits, rights, demands, costs, losses, debts, and expenses (including attorney fees and costs), known or unknown, at law or in equity, which she may now have against Defendant or any of the other Released Parties, and each of them, as well as those claims that were or could have been asserted in the Action, including, but not limited to, any and all claims arising under the California Labor Code, Wage Order No. 9-2001, the Fair Labor Standards Act, the California Private Attorneys' General Act, the California Business & Professions Code, the claims alleged in any of the Complaints, and any and all other transactions, occurrences or matters between Plaintiffs and Defendant occurring up through and including the end of the Class Period.

Plaintiffs' Released Claims include all claims described above, whether known or unknown, by Plaintiffs.  Thus, even if Plaintiffs discover facts in addition to or different from those that she now knows or believes to be true with respect to the subject matter of Plaintiffs' Released Claims, those claims will remain released and forever barred.  Therefore, Plaintiffs expressly waives and relinquishes the provisions, rights and benefits of Section 1542 of the California Civil Code and any analogous law, statute, or rule.  Section 1542 states:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs specifically acknowledge that they are aware of and familiar with the provisions of Section 1542 of the California Civil Code, and being aware of Section 1542, hereby expressly waives and relinquishes all rights and benefits they may have under Section 1542 as well as any other statute or common law principle of a similar effect.  Upon entry of final judgment, Defendant shall be entitled to a general release of all claims from the Plaintiffs, excepting claims for workers' compensation benefits, unemployment insurance, and accrued benefits such as vacation, paid time off, 401k, ERISA, and SDI up through and including the end of the Class

Period.

Plaintiffs also acknowledge that they are entitled to and have been given twenty-one (21) days to consider whether to accept the terms of the general release agreed to in this Stipulation. If Plaintiffs execute this Stipulation before the expiration of the 21-day period, they do so voluntarily, upon the advice and with the approval of Class Counsel, and she expressly and voluntarily waives their right to consider the release for any remaining portion of that 21-day period. Plaintiffs understand that, after executing this Stipulation, they have the right to revoke it within seven (7) days after execution. Plaintiffs understands that this Stipulation will not become effective and enforceable unless and until the seven-day revocation period has passed.

Plaintiffs further agrees that, to the extent permitted by law, if a claim is prosecuted in their name against any of the Released Parties, including Defendant, before any court or administrative agency, they waives, and agrees not to take, any award of money or other damages from such proceeding. Plaintiffs agrees that, unless otherwise compelled by law, if a claim is prosecuted in their name against Defendant or any of the other Released Parties that, upon a written request by Defendant's counsel, they will immediately request in writing that the claim on their behalf be withdrawn.

**B.    Claims Released By Participating Class Members**: Upon the Effective Date of the Settlement, each and every Participating Class Member hereby releases, discharges, and agrees to hold harmless Defendant and all of the other Released Parties, and each of them, from any and all Claims (as that term is defined in Section II.C above) during the Class Period ("Claims Released By Participating Class Members"), except that only FLSA Opt-In Members will release claims for overtime under the Fair Labor Standards Act.

It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all Claims Released By Participating Class Members as described in the preceding paragraph and Section II.AA above.

**C.    Released PAGA Claims.** Upon the Effective Date of the Settlement, the Defendant and Released Parties will receive a release of all PAGA claims alleged in the Complaint (as defined below) in the Action and any claims which arise out of an identical factual

predicate set forth in the Complaint. All Aggrieved Employees will be subject to the release of their Released PAGA Claims as set forth below, whether or not they opt out of the Class.

## XXII. CONFIDENTIALITY

Other than necessary disclosures made to the Court or to the Class Members, Plaintiffs and Class Counsel shall not directly or indirectly disclose the fact or the terms of the Settlement to the media, the press, on any website, except that Class Counsel may post Court documents concerning the Settlement on Class Counsel's website without commentary, provided that if Plaintiffs or Class Counsel receive inquiries from the media, they may state only that the Action has been resolved on the terms set forth in the Stipulation that was publicly filed. If Plaintiffs or Class Counsel are legally required to communicate about the Settlement with governmental authorities, they shall give Counsel for Defendant notice before any such communication occurs as early as is reasonably possible.

## XXIII.    USE AND RETURN OF DOCUMENTS

All originals, copies, and summaries of documents, presentations, and data provided to Plaintiffs and Class Counsel by Defendant in connection with the mediation or other settlement negotiations in this matter, including e-mail attachments containing such materials, may be used only with respect to this Stipulation, or any dispute between Class Members and Class Counsel regarding the Stipulation, and for no other purpose, and may not be used in any way that violates any existing agreement, statute, or rule. Within twenty (20) days after the Final Approval Order becomes Final, Class Counsel will return or destroy all such materials and the return and destruction, as applicable, of all such materials shall include those that have been shared with experts and any other counsel representing Plaintiffs and any other Class Members.

## XXIV.    FULL COOPERATION

The Parties will fully cooperate and use reasonable efforts, including all efforts contemplated by this Stipulation and any other efforts that may become necessary or be ordered by the Court, or otherwise, to accomplish the terms of this Stipulation, including, but not limited to, executing such documents and taking such other action as may reasonably be necessary to obtain preliminary and final approval of this Stipulation without material modifications and to

implement its terms.

**XXV. THE PARTIES HERETO AGREE TO ABIDE BY ALL OF THE TERMS OF THE SETTLEMENT IN GOOD FAITH AND TO SUPPORT THE SETTLEMENT FULLY AND TO USE THEIR BEST EFFORTS TO DEFEND THIS SETTLEMENT FROM ANY LEGAL CHALLENGE, WHETHER BY APPEAL OR COLLATERAL ATTACK.DIFFERENT FACTS**

The Parties hereto, and each of them, acknowledge that, except for matters expressly represented herein, the facts in relation to the dispute may turn out to be other than or different from the facts now known by each party and/or its counsel, or believed by such party or counsel to be true, and each party therefore expressly assumes the risk of the existence of different or presently unknown facts, and agrees that this Stipulation shall be in all respects effective and binding despite such difference.

**XXVI.      NON-ADMISSION**

Nothing in this Stipulation shall be construed to be or deemed an admission by Defendant or of any of the other Released Parties of any liability, culpability, negligence, or wrongdoing toward the Class Representative, the Class Members, or any other person, and Defendant specifically disclaims any liability, culpability, negligence, or wrongdoing toward the Class Representative, the Class Members, or any other person. Each of the Parties has entered into this Stipulation with the intention to avoid further disputes and litigation with the attendant inconvenience, expenses, and contingencies. Nothing herein shall constitute any admission by Defendant of wrongdoing or liability, or of the truth of any factual allegations in the Action. Nothing herein shall constitute an admission by Defendant that the Action was properly brought as a class, collective or representative action other than for settlement purposes. To the contrary, Defendant has denied and continues to deny each and every material factual allegation and alleged claim asserted in the Action.

**XXVII.      NO PRIOR ASSIGNMENTS**

The Parties represent, covenant, and warrant that they have not directly or indirectly,

assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any claims, causes of action, demands, rights, and liabilities of every nature and description released under this Stipulation.

## XXVIII.    NON-RETALIATION

Defendant understands and acknowledges that it has a legal obligation not to retaliate against any member of the Class who participates in the Settlement or elects to opt-out of the Settlement.   Defendant will refer any inquiries regarding this Settlement to the Settlement Administrator or Class Counsel and will not discourage Class Members who are current employees, directly or indirectly, from opting out or objecting to the Settlement.

## XXIX.        ATTORNEY FEES, COSTS, AND EXPENSES.

Except as otherwise specifically provided for herein, each Party shall bear his or its own attorney fees, costs and expenses, taxable or otherwise, incurred by them in, or arising out of, the Action and shall not seek reimbursement thereof from any other party to this Stipulation.

## XXX. NOTICES

Unless otherwise specifically provided by this Stipulation, all notices, demands or other communications given under this Stipulation will be in writing and be deemed to have been duly given as of the fifth business day after mailing by United States registered or certified mail, return-receipt requested, or as of the first business day after deposit with an overnight delivery service, addressed as follows:

**To the Class Representative and the Class:**
Norman Blumenthal
Blumenthal, Nordrehaug & Bhowmik
2255 Calle Clara
La Jolla, CA 92037

**To Defendant:**
Matthew E. Farmer
Irene V. Fitzgerald
LITTLER MENDELSON, P.C.
5200 North Palm Avenue, Suite 302
Fresno, CA 93704-2225

## XXXI.        CONSTRUCTION

This Stipulation is the result of lengthy, arms-length negotiations between the Parties.

This Stipulation will not be construed in favor of or against any Party by reason of the extent to which any Party or his, her or its counsel participated in the drafting of this Stipulation.

## XXXII.   CAPTIONS AND INTERPRETATIONS

Paragraph and section titles, headings or captions contained in this Stipulation are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Stipulation or any of its provisions.  Each term of this Stipulation is contractual and not merely a recital, except for those denominated as Recitals in Section III above.

## XXXIII.   MODIFICATION

This Stipulation may not be changed, altered or modified, except in writing and signed by the Parties or their representatives and approved by the Court.  This Stipulation may not be discharged except by performance in accordance with its terms as approved by the Court or by a writing signed by the Parties.

## XXXIV.   APPLICABLE LAW

All terms and conditions of this Stipulation will be governed by and interpreted according to the laws of the State of California, without giving effect to any conflict of law or choice of law principles.

## XXXV.   INTEGRATION CLAUSE

This Stipulation and its Exhibits constitute the entire agreement between the Parties and their respective counsel relating to the Settlement, this Stipulation and the transactions contemplated thereby.   All prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or a Party's counsel, are merged into and superseded by this Stipulation.  No rights under this Stipulation may be waived except in writing.

## XXXVI.   BINDING ON ASSIGNS

This Stipulation will be binding upon and will inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

## XXXVII.   COUNTERPARTS

This Stipulation may be executed in counterparts, by facsimile or electronic signature, and

when each Party has signed and delivered at least one such counterpart, each counterpart will be deemed an original, and, when taken together with other signed counterparts, will constitute one Stipulation, which will be binding upon and effective as to all Parties, subject to Court approval.

**XXXVIII.   PARTIES' AUTHORITY TO SIGN**

Each of the undersigned represents that he or she has the advice of counsel, has authority to sign on behalf of his or her client, and understands that this Settlement Agreement is final and binding, and subject only to the settlement process and other terms set forth above.  In addition, the parties agree that any disputes regarding the terms of the Settlement shall be referred to Mediator Gig Kyriacou for resolution.

**EXECUTION BY PARTIES AND COUNSEL**

The Parties hereby execute this document to evidence their acceptance of an agreement to the Stipulation.

Dated:  June 23, 2022          By: *Augustus mondrian*
                                   Augustus mondrian (Jun 23, 2022 15:47 EDT)
                                   Augustus Mondrian
                                   Plaintiff

Dated:  June 21, 2022          By:
                                   Rhonda Jones (Jun 21, 2022 06:38 CDT)
                                   Rhonda Jones
                                   Plaintiff

Dated:  June ___, 2022          By:_____
                                   Defendant Trius Trucking, Inc.

1  when each Party has signed and delivered at least one such counterpart, each counterpart will be

2  deemed an original, and, when taken together with other signed counterparts, will constitute one

3  Stipulation, which will be binding upon and effective as to all Parties, subject to Court approval.

4  **XXXVIII.   PARTIES' AUTHORITY TO SIGN**

5  Each of the undersigned represents that he or she has the advice of counsel, has authority

6  to sign on behalf of his or her client, and understands that this Settlement Agreement is final and

7  binding, and subject only to the settlement process and other terms set forth above. In addition,

8  the parties agree that any disputes regarding the terms of the Settlement shall be referred to

9  Mediator Gig Kyriacou for resolution.

10  **EXECUTION BY PARTIES AND COUNSEL**

11  The Parties hereby execute this document to evidence their acceptance of an agreement to

12  the Stipulation.

14  Dated: June __, 2022

15  By:_____
          Augustus Mondrian

16          Plaintiff

18  Dated: June __, 2022      By:_____
          Rhonda Jones

19          Plaintiff

21  Dated: June 21, 2022      By:_____
          Defendant Trius Trucking, Inc.

**EXHIBIT A**

**NOTICE OF PENDENCY OF CLASS ACTION SETTLEMENT**
**AND HEARING DATE FOR COURT APPROVAL**
***(Mondrian v. Trius Trucking, Inc.,* U.S.D.C. Eastern District of California**
**Case No. 1:19-CV-00884-DAD-SKO)**

**YOUR LEGAL RIGHTS MAY BE AFFECTED WHETHER YOU ACT OR DO NOT ACT. PLEASE READ THIS NOTICE CAREFULLY.**

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **Do Nothing and Receive a Payment** | To receive a cash payment from the Settlement, you do **not** have to do anything. **Your estimated Settlement Share is: $<<____>>. See the explanation below.** |
| | After final approval by the Court, the payment will be mailed to you at the same address as this notice. If your address has changed, please notify the Settlement Administrator as explained below. |
| **Exclude Yourself** | To exclude yourself from the Settlement and the Action, you must send a letter to the Settlement Administrator as provided below. If you request exclusion, you will receive **no money from the Settlement**. Instructions are set forth below. |
| **Object** | Write to the Court about why you do not like the settlement. Directions are provided below. You will still receive a settlement payment if the settlement is approved |

## 1. Why did I get this Notice?

A proposed settlement of a class action lawsuit (the "Settlement") filed in the United States District Court for the Eastern District of California (the "Court") has been granted preliminary approval by the Court. You may be entitled to money from the Settlement.

**You have received this Notice because you have been identified as a member of the Class which is defined as:**

> All individuals who worked for Defendant Trius Trucking in California as Truck Drivers at any location in California during the Class Period.

> The "Class Period" is the period of time from May 10, 2012 through December 31, 2016.

This Notice explains the lawsuit, the Settlement, and your legal rights. It is important that you read this Notice carefully as your rights may be affected by the Settlement.

## 2. What is this class action lawsuit about?

On May 10, 2016, Augustus Mondrian filed a class action lawsuit against Defendant Trius Trucking, Inc. ("Defendant") in Fresno Superior Court, Case No. 1:19-CV-00884 (the "Action"). On May 26, 2016, the lawsuit was amended to add a claim for civil penalties under the Private Attorney General Act ("PAGA"). On May 29, 2019, Plaintiffs Augustus Mondrian and Rhonda Jones ("Plaintiffs") filed the Third Amended Complaint, which is the current complaint and alleges that Truck Driver employees are owed wages and penalties.
The Action generally involves claims that Defendant:

- Failed to properly pay truck driver employees for minimum wages and overtime wages
- Failed to provide truck driver employees with proper meal and rest breaks
- Failed to provide proper itemized wage statements to truck driver employees
- Failed to provide truck driver employees with all earned wages at the end of their employment
- Failed to provide truck driver employees with reimbursement of business expenses (cell-phone)

Defendant denies that it did anything wrong and asserts that it has fully complied with all labor laws. Defendant has entered into the Settlement solely for the purpose of resolving the Action. The Court has made no findings regarding the above claims.

The Court granted preliminary approval of the Settlement on <<INSERT PRELIMINARY APPROVAL DATE>>. At that time, the Court also preliminarily approved the Plaintiffs to be the "Class Representatives" for the Class, and the law firm Blumenthal, Nordrehaug & Bhowmik to be Class Counsel.

| 3. | What does the Settlement provide? |
|---|---|

Settlement Payment. Without admitting any wrongdoing, Defendant has agreed to pay Nine Hundred Ninety-Five Thousand Dollars ($995,000.00) (called the "Settlement Payment") to fully resolve the claims in the Action. The Settlement Payment includes all settlement payments to Participating Class Members, the Service Payments to the named Plaintiffs, all attorneys' fees, costs and expenses of Class Counsel awarded by the Court, all employee and employer tax withholdings, all payments allocated to the LWDA in connection with PAGA, the FLSA Net Fund and all costs of settlement administration. No amount of the Settlement Payment will be returned to Defendant for any reason.

Defendant will pay the Settlement Payment to the Settlement Administrator within 90 days of the Effective Date. The Effective Date is the date the Settlement is Final and no longer subject to appeal, or if there is an appeal, after resolution of the appeal.

Settlement Administration and Other Payments. The Court has tentatively approved certain payments to be made from the Settlement Payment as follows, which will be subject to final Court approval:

- Settlement Administration. Payment to the Settlement Administrator, estimated to be $25,000, for the expense of notifying the Class Members of the Settlement, processing opt outs submitted by Class Members, and distributing settlement payments.

- Attorneys' Fees, Expenses, and Costs. Payment to Court-approved Class Counsel of reasonable attorneys' fees not to exceed $248,750.00 (25% of the Settlement Payment) for the work Class Counsel performed in this Action, and will continue to perform through settlement finalization, together with reimbursement for litigation expenses and costs actually incurred in connection with the Action in an amount not to exceed $15,000. Class Counsel has been prosecuting the Action on behalf of Plaintiffs and the Class on a contingency fee basis (that is, without being paid any money to date) and has been paying all litigation costs and expenses.

- Plaintiffs' Service Payment. A service award not to exceed $10,000 to each Plaintiff to compensate them for services on behalf of the Class in initiating and prosecuting the Action. This payment is in addition to whatever payments Plaintiffs are otherwise entitled to as a Participating Class Member.

- PAGA Penalty. A payment of $10,000 relating to the claim for penalties under the Private Attorney Generals Act ("PAGA"), $7,500 of which will be paid to the State of California's Labor and Workforce Development Agency ("LWDA Payment"). The remaining $2,500 will be distributed to the Aggrieved Employees based on their respective work weeks during the PAGA Period (May 10, 2015 to December 31,

2016). "Aggrieved Employees" are those individuals who worked for Defendant, Trius Trucking in California as Truck Drivers at any location in California during the PAGA Period. All Aggrieved Employees will be sent their share of the PAGA Payment and will be subject to the release of their Released PAGA Claims, whether or not they opt out of the Class. The "Released PAGA Claims are "all PAGA claims alleged in the Complaint in the Action and any claims which arise out of an identical factual predicate set forth in the Complaint."

- <u>FLSA Net Fund</u>. A payment of $65,000 to resolve claims for overtime under the Fair Labor Standards Act which shall be allocated to FLSA Opt-In Members based upon their proportion of weeks worked. "FLSA Opt-In Members" are those Participating Class Members who worked for Defendant during the period May 10, 2013 to December 31, 2016 and who timely execute and return the FLSA Consent Form.

<u>Calculation of Settlement Class Member Awards</u>. After the above Court-approved payments and the applicable taxes are subtracted from the Settlement Payment, the remaining amount will be used to make settlement payments to Participating Class Members (the "Net QSF"). "Participating Class Member" means a Class Member who does **not** timely submit a valid Election Not to Participate in Settlement. The Net QSF is estimated to be $_____.

A Participating Class Member's Settlement Share will be calculated based upon the weeks worked during the Class Period as follows: (1) calculating the total weeks worked by all Participating Class Members based on the Class Data (the "Total Work Weeks"); (2) dividing each Participating Class Member's work weeks based on the Class Data by the Total Work Weeks to determine his or her proportionate share of the Net QSF (for each Participating Class Member, the "Settlement Share Proportion"); and (3) multiplying each Participating Class Member's Settlement Share Proportion by the Net QSF.

In addition, those Participating Class Members who are eligible to become FLSA Opt-In Members by returning the FLSA Consent Form shall receive an additional payment from the FLSA Net Fund based upon their work weeks ("FLSA Share") . If you are eligible, please see the accompanying FLSA Consent Form.

Class Members who do not opt out of the Settlement as provided for below will be entitled to receive a payment pursuant to the Settlement. **If you do nothing, you will be a Participating Class Member, a settlement check will automatically be mailed to you, and you will release all claims you may have related to the allegations in the case**, as described below.

| 4.   What am I giving up in exchange for the settlement payment? |
| --- |

<u>Release</u>. In exchange for the settlement payment being provided, each member of the Class who does not submit a request for exclusion (discussed in Section 7 below) will release and discharge Defendant and the other Released Parties for any and all claims for:
- Defendant's alleged failure to properly pay truck driver employees for minimum wages and overtime wages
- Defendant's alleged failure to provide truck driver employees with proper meal and rest breaks
- Defendant's alleged failure to provide proper itemized wage statements to truck driver employees
- Defendant alleged failure to provide truck driver employees with all earned wages at the end of their employment
- Defendant's alleged failure to provide reimbursement for business expenses (cell-phone)

The "Released Parties" are Trius Trucking, Inc. and its past and present  parent companies, subsidiaries, divisions and other affiliated or related companies, current and former employees, officers, directors, agents, representatives, attorneys, insurers, partners, shareholders, representatives, joint venturers, owners, and successors and assigns of each.

By participating in the Action and accepting the settlement payment, you will not be able to make a claim or file a lawsuit for any and all claims, causes of action, and forms of relief that were asserted in the Action, or that arise from or could have been asserted based on any of the facts or circumstances, transactions, events, occurrences, acts, disclosures, statements, omissions, or failures to act, alleged in the Complaint (as defined below) in the Action and any claims which arise out of an identical factual predicate set forth in the Complaint, regardless of whether such claims arise under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law during the Class Period ("Claims"), except that only FLSA Opt-In Members will release claims for overtime under the Fair Labor Standards Act. This release does not include claims outside the Class Period or claims of harassment, retaliation, discrimination, workers' compensation, disability or wrongful termination.

A copy of the full release language that you are agreeing to under the Settlement can be found in sections II.D and XXI.A (pages 3 and 31) of the settlement agreement which can be found online on Class Counsel's website at www.bamlawca.com under "Class Notices" for *Mondrian v. Trius Trucking* or you may contact Class Counsel or the Settlement Administrator to receive a copy of the settlement agreement.

<u>Conditions of Settlement</u>. This Settlement is conditioned upon the Court entering an order at or following a final approval hearing on the Settlement.

### 5. How much will my payment be?

**Defendant's records reflect that you have _____ weeks worked during the Class Period.**

**Based on this information, your estimated Settlement Share is calculated to be $_____.**

If you wish to challenge the information stated immediately above, then you must submit a written, signed challenge along with supporting documents, if any exist, to the Settlement Administrator at the address provided in this Notice no later than _____ [forty-five (45) calendar days after the postmark date of this Notice].

### 6. How can I get a payment?

To receive a payment under this Settlement, you **do not have to do anything**. A check for your Settlement Share will be mailed automatically to the same address as this Notice. If your address is incorrect or has changed, you must notify the Settlement Administrator. The Settlement Administrator is: _____, (800) _____.

The Court will hold a hearing on (date) to decide whether to approve the Settlement. If the Court approves the Settlement and there are no objections or appeals, payments will be mailed within a few months of this Notice. If there are objections or appeals, resolving them can take time, perhaps more than a year. Please be patient.

### 7. What if I don't want to be a part of the Settlement?

If you do not wish to participate in the Settlement and the Action, you may exclude yourself from the Settlement or "opt out." **If you opt out, you will receive no money from the Settlement, will be excluded from the Action, and you will not be bound by its terms**. To opt out, you must submit a written request to the Settlement Administrator that states "I do not want to be part of the settlement class in the *Mondrian v. Trius Trucking* class action." This Election Not to Participate in Settlement must be signed, state the Class Member's name and address, and be postmarked no later than _____. Written requests for exclusion that are postmarked after _____, or are unsigned by the Class Member, will be rejected, and those Class Members will remain bound by the Settlement and the release described above. A Class Member who properly and timely submits an Election Not to Participate in Settlement will not be bound by the Settlement and the Action **and will not receive a Settlement Share.**

## 8.   How do I tell the Court that I don't like the Settlement?

If you believe that the Settlement should not be approved by the Court for any reason, you may object to the proposed Settlement.  Objections must be in writing and state the Class Member's name, current address, telephone number, dates of employment with Defendant, and describe why the objector believes the Settlement is unfair and whether the objector intends to appear at the final approval hearing.  The objections must be submitted to the Court and mailed or delivered to Class Counsel and counsel for Defendant at the below addresses on or before _____.  All objections or other correspondence must also state the name and number of the case, which is *Mondrian v. Trius Trucking*, U.S.D.C. Eastern District of California Case No. 1:19-CV-00884.  To object to the Settlement, you must remain a member of the Class, and if the Court approves the Settlement, you will be bound by the terms of the Settlement and will still receive a settlement payment.  Any Class Member who does not object in the manner provided in this Notice shall have waived any objection to the Settlement, whether by appeal or otherwise.

Class Members who mail timely notices of objection, and which indicate the Class Member wishes to be heard at the final approval hearing, will have a right to appear, either in person or through their own attorney at their expense, at the final approval hearing and have their objections heard by the Court.  Objections not previously filed in writing in a timely manner as described above will not be considered by the Court.

The address for the Settlement Administrator is

> *Mondrian v. Trius Trucking* Settlement Administrator
> c/o ILYM Group
> _____
> _____
> Phone: _____

The addresses for Parties' counsel are as follows:

| **Class Counsel**: | **Counsel for Defendant**: |
|---|---|
| Norman Blumenthal | Matthew E. Farmer |
| Blumenthal, Nordrehaug & Bhowmik | Irene V. Fitzgerald |
| 2255 Calle Clara | LITTLER MENDELSON, P.C. |
| La Jolla, CA 92037 | 5200 North Palm Avenue, Suite 302 |
| Tel: 858-551-1223 / Fax: 858-551-1232 | Fresno, CA 93704-2225 |
| Email: norm@bamlawca.com | |
| Website: www.bamlawca.com | |

## 9.   When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing at 00:00 AM/PM on _____, 2019, at the U.S.D.C. Eastern District of California in Courtroom _____, located at 2500 Tulare Street, Fresno, California 93721.  At this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate.  The purpose of this hearing is for the Court to determine whether to grant final approval to the Settlement.  If there are objections, the Court will consider them. This hearing may be rescheduled by the Court without further notice to you. **You are not required to attend** the Final Approval Hearing, although any Class Member is welcome to attend the hearing at your own expense, either in person or through an attorney.

## 10. How do I get more information?

You may call the Settlement Administrator at (877) 275-2955 or write to *Mondrian v. Trius Trucking* Settlement

Administrator, c/o ILYM Group, _____; or contact Class Counsel at 1-858-551-1223.

You may receive a copy of the Settlement, the Final Judgment or other settlement documents by writing to Blumenthal, Nordrehaug & Bhowmik, 2255 Calle Clara, La Jolla, CA 92037 or by going to Class Counsel's website at www.bamlawca.com under "Class Notices" for *Mondrian v. Trius Trucking*.  You may also get more details by examining the documents in the Clerk's Office of the United States District Court for the Eastern District of California, Fresno Division is located in Room 1501 on the 1st Floor of the Robert E. Coyle United States Courthouse, 2500 Tulare Street, Fresno, 93721 or at the PACER website on the District Court's website at http://www.caed.uscourts.gov/.

### PLEASE **DO NOT** CALL THE COURT ABOUT THIS NOTICE.

IMPORTANT:

- You must inform the Claims Administrator of any change of your address to ensure receipt of your settlement payment.

- Settlement checks will be null and void 180 days after issuance if not deposited or cashed.  In such event, the Claims Administrator shall direct such unclaimed funds to the California Controller's Unclaimed Property Fund with, if possible, an identification of the Class Member who failed to cash the check.  If your check is lost or misplaced, you should contact the Claims Administrator immediately to request a replacement.

**EXHIBIT B**

1

2

3

4

5

6

7

8

9

10

11           **UNITED STATES DISTRICT COURT**

12          **EASTERN DISTRICT OF CALIFORNIA**

13

14   AUGUSTUS MONDRIAN, and RHONDA          Case No. <u>1:19-CV-00884-DAD-SKO</u>
     JONES, individuals, on behalf of themselves,
15   and on behalf of all persons similarly situated,
                                                       **[PROPOSED] ORDER:**
16                Plaintiff,
                                                       **(1)    GRANTING PRELIMINARY**
17            vs.                                       **APPROVAL OF SETTLEMENT;**

18   TRIUS TRUCKING, INC., a California               **(2)    APPROVING CLASS NOTICE;**
     Corporation; and Does 1 through 50, Inclusive,
19                                                     **(3)    APPOINTING SETTLEMENT**
                                                       **ADMINISTRATOR; AND,**
20                Defendants.
                                                       **(4)    SCHEDULING FINAL APPROVAL**
21                                                     **HEARING**

22                                                     Hearing Date:
                                                       Hearing Time:.
23
                                                       Judge:
24                                                     Dept.:

25

26

27

28
                           PRELIMINARY APPROVAL ORDER

1  　  On _____, a hearing was held on the motion of Plaintiffs Augustus Mondrian

2  and Rhonda Jones ("Plaintiffs"), for preliminary approval of the Parties' proposed class

3  settlement, approval of the notice to be sent to the class about the settlement, and the setting of a

4  date for the hearing on final approval of the settlement.  Blumenthal Nordrehaug Bhowmik De

5  Blow LLP appearing as counsel for representative Plaintiffs, and Littler Mendelson, P.C.

6  appearing as counsel for Defendant Trius Trucking, Inc. ("Defendant").  The Court, having

7  carefully considered the briefs, argument of counsel and all matters presented to the Court and

8  good cause appearing, hereby GRANTS Plaintiffs' Motion for Preliminary Approval of Class

9  Action Settlement.

10  　  **IT IS HEREBY ORDERED:**

11  　  1.  　  The Court preliminarily approves the Joint Stipulation of Class Settlement and

12  Release of Claims (the "Stipulation" or "Settlement") attached as Exhibit #1 to the Declaration of

13  _____ in Support of Plaintiffs' Motion for Preliminary Approval of Class

14  Action Settlement.  This is based on the Court's determination that the Settlement is within the

15  range of possible final approval.

16  　  2.  　  This Order incorporates by reference the definitions in the Stipulation, and all terms

17  defined therein shall have the same meaning in this Order as set forth in the Stipulation.

18  　  3.  　  Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711 et seq. ("CAFA"), the

19  Defendant caused the mailing of the CAFA Notice to the Attorney General of the United States

20  and the appropriate state official in each state in which a Class Member reportedly resides at the

21  time of CAFA Notice according to Defendant's records and as updated following a National

22  Change of Address search.  Accordingly, the Court finds that Defendant has discharged its

23  obligations under CAFA to provide notice to the appropriate federal and state officials.

24  　  4.  　  The Settlement provides for an all-in non-reversionary payment by Defendant of

25  Nine Hundred Ninety-Five Thousand Dollars ($995,000.00) to fund the QSF ("Settlement

26  Payment").  It appears to the Court on a preliminary basis that the settlement terms are fair,

27  adequate and reasonable as to all potential Class Members and the FLSA Opt-In Members when

28

PRELIMINARY APPROVAL ORDER

balanced against the probable outcome of further litigation relating to certification, liability and damages issues.  It further appears that investigation and research have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions.  It further appears to the Court that settlement at this time will avoid substantial additional costs by all Parties, as well as avoid the delay and risks that would be presented by the further prosecution of the Action.  It further appears that the Settlement has been reached as the result of intensive, serious and non-collusive, arms-length negotiations.

5.      The Court preliminarily finds that the Settlement appears to be within the range of reasonableness of a settlement that could ultimately be given final approval by this Court.  Indeed, the Court has reviewed the monetary recovery that is being granted as part of the Settlement and preliminarily finds that the monetary settlement awards made available to Class Members and the FLSA Opt-In Members is fair, adequate, and reasonable when balanced against the probable outcome of further litigation relating to certification, liability, and damages issues.

6.      The Court recognizes that Plaintiffs and Defendant stipulate and agree to certification of a class for settlement purposes only.  This stipulation will not be deemed admissible in this or any other proceeding should this Settlement not become final.  For settlement purposes only, the Court conditionally certifies the following Class: "All individuals who worked for Defendant Trius Trucking in California as Truck Drivers at any location in California during the Class Period."  The "Class Period" is the period of time from May 10, 2012 through December 31, 2016.

7.      The Court concludes that, for settlement purposes only, the Class meets the requirements for certification under section 382 of the California Code of Civil Procedure in that: (a) the Class is ascertainable and so numerous that joinder of all members of the Class is impracticable; (b) common questions of law and fact predominate, and there is a well-defined community of interest amongst the members of the Class with respect to the subject matter of the litigation; (c) the claims of the named plaintiffs are typical of the claims of the members of the Class; (d) the Class Representatives will fairly and adequately protect the interests of the members

PRELIMINARY APPROVAL ORDER

1  of the Class; (e) a class action is superior to other available methods for the efficient adjudication

2  of this controversy; and (f) counsel for the Class is qualified to act as counsel for Class.

3       8.     The Court provisionally appoints Plaintiffs Augustus Mondrian and Rhonda Jones

4  as the representatives of the Class.

5       9.     The Court provisionally appoints Blumenthal, Nordrehaug & Bhowmik as Class

6  Counsel.

7       10.    Pursuant to the Stipulation, the FLSA collective action is certified for settlement

8  purposes only. The "FLSA Opt-In Members" are defined as those Participating Class Members

9  who worked for Defendant during the period May 10, 2013 to December 31, 2016 and who timely

10  execute and return the FLSA Consent Form. For the same reasons as the Court finds the

11  requirements for certification are met, the Court similarly finds that The Court preliminarily finds,

12  for settlement purposes only, the requirements of 29 U.S.C. section 216(b) for conditional

13  certification of this FLSA collective action as to the FLSA Opt-In Members are satisfied.

14       11.    The Court hereby approves, as to form and content, the revised Notice Materials

15  attached to the Stipulation as Exhibit A. The Court finds that the Notice Materials appear to fully

16  and accurately inform the Class Members of all material elements of the proposed Settlement, of

17  the Class Members' right to be excluded from the Class by submitting a written opt-out request,

18  and of each Class Members' right and opportunity to object to the Settlement. The Court further

19  finds that the distribution of the Notice Materials substantially in the manner and form set forth in

20  the Stipulation and this Order meets the requirements of due process, is the best notice practicable

21  under the circumstances, and shall constitute due and sufficient notice to all persons entitled

22  thereto. The Court also approves the FLSA Consent Form in the form attached to the Stipulation

23  as Exhibit D. The Court orders the mailing of the Notice Materials by first class mail, pursuant to

24  the terms set forth in the Stipulation.

25

26       12.    The Court hereby appoints KCC Class Action Services as Settlement

27  Administrator.

28

PRELIMINARY APPROVAL ORDER

4

13. The Court hereby preliminarily approves the proposed procedure for exclusion from the Settlement. Any Class Member may choose to opt out of and be excluded from the Class as provided in the Notice Materials by following the instructions for requesting exclusion from the Class that are set forth in the Notice. All Elections Not to Participate in Settlement must be postmarked or received by the deadline in the Notice Materials. Any such person who chooses to opt out of and be excluded from the Class will not be entitled to any recovery under the Settlement and will not be bound by the Settlement or have any right to object, appeal or comment thereon. Class Members who have not requested exclusion shall be bound by all determinations of the Court, the Stipulation and Judgment.

14. A final approval hearing shall be held before this Court on _____, at _____ in Courtroom ___ of the United States District Court for the Eastern District of California, located at 2500 Tulare Street, Fresno, California 93721, to determine all necessary matters concerning the Settlement, including: whether the proposed settlement of the Action on the terms and conditions provided for in the Stipulation is fair, adequate and reasonable and should be finally approved by the Court; whether an Order Granting Final Approval should be entered herein; whether the plan of allocation contained in the Stipulation should be approved as fair, adequate and reasonable to the Class Members; and to finally approve Class Counsel's fees and litigation costs, Plaintiffs' service award, and the settlement administration expenses.

15. Each Class Member who does not timely submit an Election Not to Participate in Settlement will have forty-five (45) days after the date on which the Settlement Administrator mails the Notice Materials to object to the Settlement by serving on the Settlement Administrator, Class Counsel, and Counsel for Defendant, a written objection to the Settlement, Plaintiffs' Service Payment, and/or Class Counsel's attorneys' fees and costs. No Class Member shall be entitled to be heard at the final approval hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any Class Member shall be received or considered by the Court at the final approval hearing, unless written notice of the Class Member's intention to appear at the final approval hearing was timely

PRELIMINARY APPROVAL ORDER

submitted as provided in the Notice Materials.  Class Members who fail to timely submit written objections in the manner specified in the Notice shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

16.    In the event the Settlement does not become effective in accordance with the terms of the Stipulation, or the Settlement is not finally approved, or is terminated, canceled or fails to become effective for any reason, this Order shall be rendered null and void and shall be vacated, and the Parties shall revert to their respective positions as of before entering into the Stipulation.

17.    The Court reserves the right to adjourn or continue the date of the final approval hearing and all dates provided for in the Stipulation without further notice to Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.


Dated:  _____          _____

                                         HON. SHEILA K. OBERTO

PRELIMINARY APPROVAL ORDER

**EXHIBIT C**

1

2

3

4

5

6

7

8

9

10

11 **UNITED STATES DISTRICT COURT**

12 **EASTERN DISTRICT OF CALIFORNIA**

13

14 AUGUSTUS MONDRIAN and RHONDA      Case No. <u>1:19-CV-00884- DAD-SKO</u>
   JONES, individuals, on behalf of themselves,
15 and on behalf of all persons similarly situated,

16            Plaintiff,                          **[PROPOSED] ORDER:**

17         vs.                                    **(1)    GRANTING FINAL APPROVAL
                                                  TO CLASS ACTION SETTLEMENT;
18 TRIUS TRUCKING, INC., a California             AND,**
   Corporation; and Does 1 through 50, Inclusive,
19                                                **(2)    ENTERING FINAL JUDGMENT**

20            Defendants.

21                                               Hearing Date: _____
                                                 Hearing Time: _____
22
                                                 Judge:        Hon.
23                                               Dept.:

24

25

26

27

28
                                    FINAL APPROVAL ORDER
                                             1

On _____, a hearing was held on the motion of Plaintiffs Augustus Mondrian and Rhonda Jones ("Plaintiffs"), for final approval of the class settlement and payments to the Class, the Plaintiffs , Class Counsel, the LWDA, and the Settlement Administrator. Blumenthal, Nordrehaug & Bhowmik appeared on behalf of the Plaintiffs and the Class.  Littler Mendelson, P.C. appeared as counsel for Defendant Trius Trucking, Inc. ("Defendant").

The Parties have submitted their Joint Stipulation of Class Settlement and Release of Claims (the "Stipulation" or "Settlement, which this Court preliminarily approved by its _____, order (Docket No. __) (the "Preliminary Approval Order").  In accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement and the opportunity to comment on or object to it or to exclude themselves from its provisions.

Having received and considered the Settlement, the supporting papers filed by the Parties, and the evidence and argument received by the Court before entering the Preliminary Approval Order and at the final approval hearing, the Court grants final approval of the Settlement, enters this Final Approval Order, and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

## I. FINDINGS

Based on the oral and written argument and evidence presented in connection with the motion, the Court makes the following findings:

1.      All terms used herein shall have the same meaning as defined in the Stipulation.

2.      This Court has jurisdiction over this Action and the Settlement pursuant to 28 U.S.C. section 1331, and over all Parties to this litigation, including the Class.

3.      Based on a review of the papers submitted by Plaintiffs and a review of the applicable law, the Court finds that the Settlement Payment of $995,000.00 and the terms set forth in the Stipulation are fair, reasonable, and adequate.

FINAL APPROVAL ORDER

2

4.     The Court further finds that the Settlement was the result of arm's-length negotiations conducted after Class Counsel had thoroughly and adequately investigated the claims and became familiar with the strengths and weaknesses of those claims.  In particular, the amount of monies allocated to the Class Members, and the assistance of an experienced mediator in the settlement process, among other factors, support the Court's conclusion that the Settlement is fair, reasonable, and adequate.

**Preliminary Approval of the Settlement**

5.     On _____, the Court granted preliminary approval of the Settlement.  At this same time, the Court approved certification of a provisional Class for settlement purposes only.

**Notice to the Class**

6.     In compliance with the Preliminary Approval Order, Class Notice was mailed by first class mail to Class Members at their last known addresses on or about _____. Mailing of the Class Notice to their last known addresses was the best notice practicable under the circumstances and was reasonably calculated to communicate actual notice of the litigation and the proposed settlement to the Class.  The Class Notice given to the Class Members fully and accurately informed the Class Members of all material elements of the proposed Settlement and of their opportunity to object to or comment thereon or to seek exclusion from the Settlement; was the best notice practicable under the circumstances; was valid, due and sufficient notice to all Class Members; and complied fully with the laws of the State of California, the United States Constitution, due process and other applicable law.  The Class Notice fairly and adequately described the Settlement and provided Class Members adequate instructions and a variety of means to obtain additional information.

7.     The deadline for opting out or objecting to the Settlement was _____. There was an adequate interval between notice and the deadline to permit Class Members to choose what to do and act on their decision.  A full opportunity has been afforded to the Class Members to participate in this hearing, and all Class Members and other persons wishing to be

FINAL APPROVAL ORDER

heard have been heard.  Class Members also have had a full and fair opportunity to exclude themselves from the proposed Settlement and Class.  Accordingly, the Court determines that all Class Members who did not timely and properly submit a request for exclusion are bound by the Settlement, this Final Approval Order, and Judgment thereon.  [The following individuals validly requested exclusion:_____].

**Fairness Of Settlement**

8.    The Settlement is entitled to a presumption of fairness in that:

a.    The Settlement was reached through arm's-length bargaining between the parties during an all-day mediation before Greg Kyriacou, a respected mediator of class actions. There has been no collusion between the parties in reaching the proposed settlement.

b.    Plaintiffs' investigation and discovery have been sufficient to allow the Court and counsel to act intelligently.

c.    Counsel for both parties are experienced in similar employment class action litigation.  All counsel recommended approval of the Settlement.

d.    The percentage of objectors and requests for exclusion is small.  _____ objections were received.  _____ requests for exclusion were received.

e.    The participation rate was high.  There are _____ Participating Class Members who will be sent a Settlement Share, representing _____% of the total Class.

9.    The consideration to be given to the Participating Class Members under the terms of the Stipulation is fair, reasonable and adequate considering the strengths and weaknesses of the claims asserted in this action and is fair, reasonable and adequate compensation for the release of Claims Released By Participating Class Members, given the uncertainties and risks of the litigation and the delays which would ensue from continued prosecution of the action.

10.    The Settlement is finally approved as fair, adequate and reasonable and in the best interests of the Class.

**Attorneys' Fees**

FINAL APPROVAL ORDER

4

11.     An award of $248,750.00 for attorneys' fees and $_____ for litigation costs and expenses is reasonable, in light of the contingent nature of Class Counsel's fee, the hours worked by Class Counsel, and the results achieved by Class Counsel.

**Service Award**

12.     The Stipulation provides for a Service Payment of up to $10,000.00 to each of the Plaintiffs, subject to the Court's approval.  The Court finds that a service award of $10,000 to the Plaintiffs is reasonable in light of the risks and burdens undertaken by the Plaintiffs in this litigation and for their time and effort in bringing and prosecuting this matter on behalf of the Class.

**Settlement Administrator Expenses**

13.     The Settlement Administrator shall calculate and administer the payment to be made to the Participating Class Members, transmit payment for attorneys' fees and costs to Class Counsel, transmit the Service Payments to the Plaintiffs, and transmit the PAGA Payment to the California Labor and Workforce Development Agency ("LWDA").  The Settlement Administrator has documented $_____ in Settlement administration costs and expenses, and this amount is reasonable in light of the work performed by the Settlement Administrator.

**PAGA Payment**

14.     The Stipulation provides for a payment of three thousand dollars ($10,000.00) as the PAGA payment, with $7,500 to be paid to the LWDA for its 75% portion of the amount allocated to PAGA claims.  The Court finds this payment for PAGA claims to be reasonable.

## II. ORDERS

Based on the foregoing findings, and good cause appearing, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.     The Class is certified for the purposes of settlement only.  The Class is hereby defined as follows:

FINAL APPROVAL ORDER

1      "All individuals who worked for Defendant Trius Trucking in California as Truck Drivers

2      at any location in California during the Class Period."

3  The "Class Period" is the period of time from May 10, 2012 through December 31, 2016.

4      2.    All persons who meet the foregoing definition are members of the Class, except for

5  those individuals who filed a timely request for exclusion from the Class.

6      3.    The Settlement is hereby finally approved as fair, reasonable, adequate, and in the

7  best interest of the Class.

8      4.    Class Counsel are awarded attorneys' fees in the amount of $248,750.00 and

9  litigation costs in the amount of $_____.  Class Counsel shall not seek or obtain any other

10  compensation or reimbursement from Defendant, Plaintiffs or members of the Class.

11      5.    The payment of the Service Payments in the amount of $10,000 each to the

12  Plaintiffs is approved.

13      6.    The payment of $_____ to the Settlement Administrator for the costs and

14  expenses of settlement administration is approved.

15      7.    The PAGA payment is approved.

16      8.    12.    Upon the Effective Date, any person who is a Participating Class Member

17  of the Class who does not opt-out shall be deemed to have fully and finally released and

18  discharged the Claims Released By Participating Class Members against the Released Parties.  All

19  rights to appeal the Final Judgment have been waived.  The Final Judgment and this Final

20  Approval Order shall have res judicata effect and bar all Participating Class Members from

21  bringing any action asserting "Claims Released By Participating Class Members" as that term is

22  defined in the Stipulation.

23      9.    The Stipulation and Settlement are not an admission by Defendant, nor is this Final

24  Approval Order a finding, of the validity of any claims in the Action or of any wrongdoing by

25  Defendant.  Neither this Final Approval Order, the Final Judgment, the Stipulation, nor any

26  document referred to herein, nor any action taken to carry out the Agreement is, may be construed

27  as, or may be used as an admission by or against Defendant of any fault, wrongdoing or liability

28

FINAL APPROVAL ORDER

whatsoever.  The entering into or carrying out of the Stipulation, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by Defendant and shall not be offered in evidence in any action or proceeding against Defendant in any court, administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of this Final Approval Order, the Final Judgment, the Stipulation, or any related agreement or release. Notwithstanding these restrictions, any of the Released Parties may file in the Action or in any other proceeding this Final Approval Order, the Final Judgment, the Stipulation, or any other papers and records on file in the Action as evidence of the Settlement to support a defense of res judicata, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense as to the Claims Released By Participating Class Members.

10.    By means of this Final Approval Order, this Court hereby enters final judgment in this action, as defined in Rule 58(a)(1), Federal Rules of Civil Procedure.

11.    Without affecting the finality of this Final Approval Order and Judgment in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Order and the Settlement.

12.    The Parties are hereby ordered to comply with the terms of the Stipulation.

13.    This action is dismissed with prejudice, each side to bear its own costs and attorneys' fees except as provided by the Settlement and this Final Approval Order and Judgment.

12.    If the Settlement does not become final and effective in accordance with the terms of the Stipulation, then this Final Approval Order and Judgment, and all orders entered in connection herewith, shall be rendered null and void and shall be vacated.

**IT IS SO ORDERED.**


Dated: _____

1

HON. SHEILA K. OBERTO

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT D**

**FLSA CONSENT FORM**
COMPLETE FOR ADDITIONAL MONETARY RECOVERY

*Mondrian vs. Trius Trucking, Inc.*
*United States District Court, Eastern District of California, Case No. 1:19-cv-00884-DAD-SKO*

**INSTRUCTIONS**:   **IF YOU WANT TO PARTICIPATE IN THE FLSA SETTLEMENT AND RECEIVE A PAYMENT, COMPLETE THIS FORM AND RETURN IT ON OR BEFORE [DATE – 45 days after mailing] TO:**

**FLSA OPT-IN MEMBER INFORMATION** (If your name or address is different from those shown below, print the corrections on the lines to the right.)

«Barcode»  Claim #:  SSEC1-«Claim»-«CD»-   «MailRec»

Name / Mailing Address Changes:
«FName» «LName»                  _____
«Addr1» «Addr2»                  _____
«City», «ST»  «Zip»              _____
«Social Security Number»         _____

(_____)          _____
Area Code           Telephone Number

**TO ALL INDIVIDUALS WHO WORKED FOR DEFENDANT TRIUS TRUCKING IN CALIFORNIA AS TRUCK DRIVERS AT ANY LOCATION IN CALIFORNIA DURING THE PERIOD MAY 10, 2013 TO DECEMBER 31, 2016:**

**YOU MUST TIMELY COMPLETE, SIGN, AND RETURN THIS FLSA CLAIM OPT-IN CONSENT FORM TO OPT-IN TO THE FAIR LABOR STANDARDS ACT ("FLSA") CLAIM AND RECEIVE YOUR FLSA SHARE FROM THE FLSA NET FUND, WHICH IS $65,000.  IF YOU RETURN THIS FLSA CONSENT FORM, YOU WILL RECEIVE THE FOLLOWING SHARE OF THE FLSA NET FUND: <<$___>>, IN ADDITION TO THE SETTLEMENT SHARE LISTED ON THE ACCOMANYING CLASS NOTICE.  Your FLSA Share is based upon the number of weeks you worked.**

You received this FLSA Consent Form because you are eligible for the additional payment.  This additional payment is for the release of your FLSA overtime claims for the period May 10, 2013 to December 31, 2016.  If you do not timely return this FLSA Consent Form on or before [DATE – 45 days after mailing], you will **not** receive the additional payment of the FLSA Share.

By signing below, **I represent that I have reviewed this Consent Form and understand that this lawsuit brings claims under both California state law and the Fair Labor Standards Act of 1938, *as amended*, 29 U.S.C. § 201, *et seq* ("FLSA").**  I understand that the Court has preliminarily approved a settlement in this action, and further approved and found that there is a bona fide dispute with respect to Plaintiffs' claims that they were entitled to additional overtime under the FLSA, and that the parties' resolution of that claim for overtime is fair and reasonable.  I consent to join and opt-in to the FLSA claim and settlement pursuant to

**Questions?  Call [PHONE NUMBER]**

29 USC § 216(b). I certify that I understand that by signing this Opt-In, I am agreeing to be bound by the approved terms of the settlement and to the release of my Fair Labor Standards Act claims for the period May 10, 2013 to December 31, 2016, and consenting to have Plaintiffs and Plaintiffs' counsel Blumenthal Nordrehaug Bhowmik De Blouw LLP represent me with respect to this settlement pursuant to 29 U.S.C. § 216(b).


X_____          _____
  (sign your name here)                                              Date